## Commonwealth v. Lawson, Appellant.

240

Argued June 9, 1964. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*Robert R. Johnson, Jr.,* for appellant.

*Louis Abromson,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

Opinion by Flood, J., September 17, 1964:

The defendant Lawson was convicted of two armed robberies, one at a service station in McKeesport and the other, a week later, at a service station in North Braddock. His contentions are that (1) the evidence as to the McKeesport robbery was insufficient to warrant his conviction, (2) there should have been a sever-

ance of the two cases for trial, and (3) the court should have granted his motion for postponement of the trial of the indictment covering the North Braddock robbery.

The Commonwealth's evidence was that the McKeesport robbery was perpetrated by two persons, one of whom had a .38 caliber revolver and was identified by the attendant as Frank Chambers. They took money from the station and a Pennsylvania Motor Vehicle Registration card and some other cards from the attendant. The attendant at the North Braddock service station robbery, one week later, testified that he was held up by four men, two of whom had .38 caliber revolvers. He was ordered by them to fill his glove with change and they then took the glove along with certain bills. Shortly before the second robbery, a blue station wagon was seen by some witnesses circling the block in which the gas station was located and then parked in a lot on that block. When it was so parked, they saw four men inside. After the robbery these witnesses telephoned this information to the police and within an hour the police stopped a blue station wagon belonging to the appellant who was at the wheel. A search of this car resulted in the discovery of the cards taken from the attendant at the McKeesport robbery, the glove filled with change which had been taken in the North Braddock robbery and two .38 caliber revolvers. These articles were not in the glove compartment or the body of the car and were not discovered on the first search of the car. On a second, more thorough search, they were found concealed in the heater vent. In the car with the defendant at the time of his arrest were Chambers, Henry Ramsey and Joseph Jackson. At the magistrate's hearing, the attendant at the North Braddock gas station identified Chambers as one of the four men who held him up but could not identify him at the trial. It was testified that am-

munition, fitting the two revolvers discovered in the automobile, was found among Frank Chambers' personal effects during a search of his living quarters.

Although the appellant does not deny that this evidence was sufficient to warrant his conviction of the North Braddock robbery which had occurred an hour or two before his arrest, he argues that it was insufficient to sustain his conviction of the McKeesport robbery. In our opinion, there was ample evidence to sustain it.

Not only was the McKeesport robbery committed in much the same way as was the North Braddock robbery, but articles taken in the McKeesport robbery were found in the defendant's car. Moreover, they were discovered in the same hiding place with the glove and change taken from the North Braddock robbery. Since these articles were in the defendant's automobile the jury had the right to consider them in his possession. The cards which had been taken in the McKeesport robbery one week before were recently stolen goods and come within the rule which warrants the jury in finding that the defendant in whose possession they were found was the robber. *Commonwealth v. Lehman,* 166 Pa. Superior Ct. 181, 70 A. 2d 404 (1950). The demurrer was properly overruled.

The joint trial of the two indictments is within the discretion of the court below and we cannot see that its discretion was abused. Fruits of both robberies were found in the station wagon of the appellant at the time of his arrest. The robberies took place within five miles of each other. They took place just a week apart. The same co-defendants were charged in both indictments. Chambers was identified as a participant in both robberies. The same officers were witnesses in both cases since the proceeds of both robberies were found at the time of the arrest. In both robberies .38 caliber revolvers were used and two such

revolvers were found in the defendant's automobile. With so much similarity and so many points of connection, with the resulting indication that the two robberies formed part of a general pattern, we can discover no abuse of discretion in the court's refusal to separate the two cases for trial.

The refusal to postpone the trial of the North Braddock case is also a matter for the discretion of the court below and we find no abuse. The reason given for the postponement was that the court reporter had not transcribed the notes of testimony taken at the appellant's former trial for this robbery. However, the court directed the reporter who took notes at the earlier trial to make these available to the appellant. The reporter appeared at the trial and read all of the notes which the appellant requested him to read. Under these circumstances we cannot conclude that the appellant was prejudiced.

Judgment affirmed.