Commonwealth *v.* Lawson, Appellant.

Submitted March 17, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Daniel T. Zamos,* for appellant.

*Charles B. Watkins* and *Carol Mary Los,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 23, 1969:

This is an appeal by defendant from the Order entered March 14, 1968, dismissing his petition for post-conviction relief, after his conviction of murder.

Defendant was indicted on a bill of indictment charging murder and voluntary manslaughter of Jack William Allison. While represented by counsel, he pleaded guilty to murder, and after a hearing by a Court en banc, defendant was adjudged guilty of murder in the second degree. Thereafter, to wit, on May 9, *1957,* he was sentenced to serve a term of imprisonment of not less than four nor more than eight years.

No post-trial motions were ever filed, nor any appeal taken.

In 1960, defendant was paroled but was subsequently re-incarcerated because of his conviction on two charges of armed robbery, for which he was sentenced to concurrent terms of from three to six years.

The facts pertaining to the murder may be thus summarized. Defendant purchased a new automobile from a dealer known as Billy Conn's Big Three Motors. A misunderstanding arose as to the amount of the time payments required to be made. On December 11, 1956, defendant entered the car sales agency, went to the office and asked for Mr. Leonard Black, with whom he had previously done business. Jack William Allison and Allen Lamfrom were present in the office. When Lamfrom told defendant that he could not get Black on the telephone, defendant pulled out his gun, pointed it at Lamfrom and ordered him to get Black on the telephone. Allison then arose from his desk and told defendant that he was not frightening anyone. Defendant said, "If you are not afraid of the gun, come over here." Allison started walking toward defendant and defendant shot him. Defendant then turned toward Lamfrom and fired two shots in his direction. Defendant then left the car agency and, the following morning, surrendered himself to the police. Allison died December 13, 1956 as a result of the gunshot wound.

Although judgment of sentence was entered May 9, 1957, it was not until April 29, 1966 that defendant filed his present petition for post-conviction relief. His petition, which contains many of the stock allegations asserted by individuals seeking post-conviction relief, was properly denied, after two evidentiary hearings, by the lower Court on March 14, 1968. On April 1, 1968, defendant appealed to this Court.

In the petition seeking post-conviction relief, defendant's principal contention is that he was inadequately represented by trial counsel, and in his brief in this Court, he alleges that he was denied the effective assistance of counsel at his post-conviction hearing. This is his third counsel, and it would surprise no one if he alleges in his next post-conviction petition that he was denied the effective assistance of counsel in the present appeal.

We have examined the trial record and the post-conviction record and conclude that defendant's contentions are devoid of merit and his petition was properly denied. Moreover, our examination of the records indicates that defendant was ably represented by counsel, and was very fortunate that he was not convicted of first-degree murder.

Order affirmed.