**UNITED STATES of America ex rel. Raymond LAWSON, Appellant,**

v.

**A. C. CAVELL, Superintendent, State Correctional Institution at Rockview, Bellefonte, Pennsylvania.**

**No. 18371.**

United States Court of Appeals, Third Circuit.

Submitted March 30, 1970.

Decided May 7, 1970.

Raymond Lawson, pro se.

Robert L. Campbell, Asst. Dist. Atty., Pittsburgh, Pa., (Robert W. Duggan, Dist. Atty. of Allegheny County, Carol Mary Los, Asst. Dist. Atty., on the brief), for appellee.

Before HASTIE, Chief Judge, and MARIS and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal by the relator from the denial by the District Court for the Western District of Pennsylvania, without an evidentiary hearing, of his petition for a writ of habeas corpus. The petition was based upon alleged errors, which the relator asserted to be of constitutional dimension, in his conviction of murder in the second degree upon his plea of guilty in the Court of Oyer and Terminer of Allegheny County, Pennsylvania, on which he was sentenced to imprisonment of from four to eight years. Subsequently, the relator had filed a petition for relief under the Pennsylvania Post Conviction Hearing Act in which the basic contentions presented in the present proceeding, as well as others, were raised and found by the Court of Common Pleas of Allegheny County, after hearing, to be wholly without merit. The dismissal of that petition was affirmed by the Supreme Court of Pennsylvania. Commonwealth v. Lawson, 1969, 433 Pa. 470, 252 A.2d 642.

The District Court reviewed the state court record, adopted as its own the findings and conclusions of the Court of Common Pleas affirmed by the Supreme Court, denied the petition for the writ and later denied reconsideration. The relator then took the appeal now before us.[1]

1. The appellee asserts want of jurisdiction of the district court as a basis for affirmance. However, in the light of our decision to affirm on the merits, we have deemed it unnecessary to consider this contention. Cf. United States ex rel. Di Rienzo v. New Jersey, 3 Cir. 1970, 423 F.2d 224.

In this court the relator makes three contentions. The first is that the District Court erred in denying his petition without having held an evidentiary hearing. It appears, however, that the Court of Common Pleas of Allegheny County had held such a hearing on the issues raised by the relator and had made full findings of fact and conclusions of law thereon which the District Court regarded as satisfactorily supported by the record, as do we. Under the circumstances, the relator was not entitled to a second evidentiary hearing on those issues. Townsend v. Sain, 1963, 372 U.S. 293, 313, 318, 83 S.Ct. 745, 9 L.Ed.2d 770.

The relator's second contention is that the Pennsylvania Parole Board by its action to which we shall refer placed him twice in jeopardy and subjected him to cruel and unusual punishment. It appears that the relator was placed by the Board at liberty on parole on December 14, 1960, the expiration date of his minimum sentence. His maximum sentence would have expired on December 14, 1964. However, in April 1963 he was arrested on charges of armed robbery, being held in jail on those charges until July 1963, a period of two months and eight days, when he was released on bail. The Board of Parole did not at that time revoke his parole, however. On April 24, 1964 he was convicted on two of the charges of armed robbery and sentenced to from three to six years imprisonment on each charge, to run concurrently. The convictions were affirmed on appeal. Commonwealth v. Lawson, Sept. 17, 1964, 204 Pa.Super. 239, 203 A.2d 406, and allocatur was denied by the Supreme Court October 12, 1964. On October 27, 1964 the Board of Parole revoked the relator's parole as of April 24, 1964 because of his convictions for armed robbery and, apparently giving him credit for his period of incarceration in 1963 and his time on bail after April 24, 1964, fixed the date of expiration of his maximum sentence on the murder conviction for February 19, 1968. He was actually incarcerated on January 18, 1965. On October 19, 1967 he was unconditionally released from serving the remainder of the murder sentence and commenced serving the concurrent sentences imposed on the armed robbery convictions, which sentences he is still serving.

The relator argues in support of his second contention that the Board of Parole subjected him to double jeopardy and cruel and unusual punishment in violation of his constitutional rights by revoking his parole and committing him to serve the balance of his sentence for murder after December 14, 1964, the date upon which the maximum sentence imposed for the offense had expired. There are two answers to this contention. The first is that the Board, as we have seen, actually acted to revoke the relator's parole on October 27, 1964, promptly after the Supreme Court had declined to review the Superior Court's affirmance of his conviction of armed robbery and 48 days before his maximum sentence for murder had expired. Under these circumstances, the fact that the relator was not reincarcerated until 35 days after that date is not legally significant, particularly since he was receiving credit for his time out on bail prior to that date. The second answer to the relator's argument is that in any case he has not in fact been placed twice in jeopardy by the Board or subjected to cruel or unusual punishment by it. He was prosecuted only once on the murder charge on which he was convicted in the Court of Oyer and Terminer and all that the Board did was to revoke his parole because of his subsequent crimes and require him to serve the remainder of his maximum sentence for murder. This the Board was authorized to do by the Pennsylvania law, 61 P.S. (Pa.) § 331.-21a, and it did not constitute the imposition of a new sentence upon the relator. United States ex rel. Gomori v. Maroney, 1961, D.C.Pa., 196 F.Supp. 190, aff. 1962, 3 Cir., 300 F.2d 755.

The relator's final contention is that he was not given a fair and impar-

tial opportunity by the Court of Common Pleas to air his grievances under the Pennsylvania Post Conviction Hearing Act. It is enough to say as to this that the Court of Common Pleas accorded the relator an evidentiary hearing at which he was represented by appointed counsel and had, and took advantage of, a full opportunity to present his evidence and argument, all of which were fully considered and fairly adjudicated by the court. We find no merit whatever in this contention.

The orders of the district court will be affirmed.