Benjamin Richmond, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Submitted on briefs, April 5, 1979, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Benjamin Richmond*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

Opinion by Judge Craig, June 28, 1979:

Petitioner Benjamin Richmond has filed a petition for writ of mandamus, which we treat as a petition for review, against the Pennsylvania Board of Probation and Parole (Board), alleging that he has been denied due process and has been subjected to double jeopardy as a result of the Board's unlawful recomputation of his sentence. The parties' cross-motions for summary judgment are before us for consideration.

On May 15, 1978, while on parole from a sentence carrying on October 5, 1982 maximum, petitioner was arrested by Dauphin County authorities on six separate counts of forgery and other related offenses. A parole violation warrant was filed against him on that date. Petitioner was afforded a preliminary hearing on May 24, and on June 21, 1978, the Board ordered petitioner detained pending disposition of the outstanding criminal charges.

On July 20, 1978, petitioner pleaded guilty to all counts and was sentenced on October 5, 1978 to multiple concurrent terms of six months to two years, to be served at the State Correctional Institution at Camp Hill, to be effective as of his May 15, 1978 date of arrest, in accordance with Pa. R. Crim. P. 1406(b).

As a result of an October 30, 1978 parole revocation hearing, petitioner was recommitted as a convicted parole violator with his new sentence to remain as a detainer.

Petitioner contends that, as of November 15, 1978, when he was "turned over to his old sentence," the six-month minimum on the new sentence had been satisfied by his detention since May 15, 1978, and therefore the Board was powerless to require petitioner to begin serving the backtime remaining on his original sentence.

Petitioner's claim is without merit. Although petitioner is correct in noting that Section 21.1(a) of the Act of August 6, 1941,[1] requires a convicted parole violator to serve the balance of his original sentence before service of the newly imposed term is commenced, this rule only becomes operative when parole has been revoked and the remainder of the original sentence becomes due and owing.

---

[1] P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §331.21a(a).

606

In the factually similar case of *Young v. Pennsylvania Board of Probation and Parole,* 29 Pa. Commonwealth Ct. 268, 370 A.2d 813 (1977), we held that the fact that petitioner was first entered at the state correctional institution on his new sentence did not preclude the Board from timely revoking his parole and reimposing the remainder of the original sentence.

In this case following petitioner's revocation hearing of October 30, 1978, the Board's action recommitting petitioner as a convicted parole violator was implemented on November 15, 1978 when petitioner was reinstated to his old sentence.

Petitioner cannot avoid service of his remaining backtime simply because the running of the minimum on the new sentence coincides with the Board's implementation of its revocation decision.

As to petitioner's assertion that he has served six months on his new sentence, we agree, and the Board's records do not indicate a different result.

Although the Board did file detainers, the record does not indicate that petitioner satisfied bail requirements as to the new charges for which he was arrested and subsequently committed. Thus, petitioner's detention from May 15, 1978 was due entirely to the new charge, the Board's detainer was not the sole reason for the detention confinement, and therefore detention time beginning May 15, 1978 until November 15, 1978 must be credited toward the new sentence. *Carter v. Rapone,* 39 Pa. Commonwealth Ct. 160, 394 A.2d 1092 (1978); *Davis v. Cuyler,* 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978).

Petitioner's argument that he has suffered double jeopardy by the Board's recomputation of his maximum expiration date is erroneous. Section 21.1(a) of the Act specifically provides authority for recomputation and has been held to be constitutional. *Kuykendall v. Pennsylvania Board of Probation and Pa-*

*role,* 26 Pa. Commonwealth Ct. 234, 363 A.2d 866 (1976); *Choice v. Pennsylvania Board of Probation and Parole,* 24 Pa. Commonwealth Ct. 438, 357 A.2d 242 (1976).

Board records correctly indicate the remaining backtime to be served on the old sentence is 5 years, 1 month and 17 days, which was the period between petitioner's August 18, 1977 parole date and his original expiration date of October 5, 1982.

Accordingly, we will dismiss petitioner's motion for summary judgment and grant the Board's motion for summary judgment.

#### Order

And Now, this 28th day of June, 1979, the motion for summary judgment of petitioner Benjamin Richmond is dismissed, and the motion for summary judgment of the Pennsylvania Board of Probation and Parole is granted.