Peter Simpson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, January 3, 1980, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Peter Simpson,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge Wilkinson, Jr., February 4, 1980:

Petitioner submitted a Writ of Mandamus, which we have treated as a petition for review addressed to this Court's original jurisdiction pursuant to Pennsylvania Rules of Appellate Procedure and Section 761 of the Judicial Code, 42 Pa. C.S. §761. Respondent Board of Probation and Parole (Board) filed an answer with new matter, to which petitioner replied. Both petitioner and respondent then filed motions for

summary judgment and supporting briefs. Pursuant to an order of this Court, the matter has been submitted upon the filing of briefs. It appearing that the pleadings are closed and that there is no dispute as to the essential facts, the case will be disposed of on the cross motions for summary judgment. Pa. R.C.P. No. 1035.

Petitioner was originally sentenced to two to four years at the State Correctional Institution at Pittsburgh for voluntary manslaughter, the maximum to expire on January 11, 1978. He was paroled January 11, 1976, and was subsequently arrested in North Carolina. A board warrant was forwarded to North Carolina authorities on March 28, 1977, and the petitioner was transferred to Pennsylvania, where he was ultimately released on August 19, 1977 to continue on parole. Petioner was arrested again on October 17, 1977, and a detainer was lodged by the Board on November 16, 1977. On March 27, 1978, petitioner was found guilty of former convict not to own a firearm, firearm not to be carried without license, and prohibitive offensive weapon. He was sentenced to a term of eleven and one-half to twenty-three months at the State Regional Correctional Facility at Greensburg. On March 30, 1978, when confined at the State Regional Facility at Greensburg, he was entered on the records as serving on his new term. He was transferred on June 20, 1978, to the State Correctional Institution at Rockview. On September 27, 1978, petitioner was afforded a Full Board Revocation Hearing[1] after which the Board took action to recommit petitioner as a convicted parole violator with backtime to serve of one year, five months, and twelve days from March 27,

---

[1] Delay between March 30, 1978, and hearing date of September 27, 1978, was due to petitioner's request for a continuance and his request for a full Board Revocation Hearing after previously signing a waiver.

1978. Accordingly, his maximum for his original sentence would expire September 9, 1979. It is this action recomputing his maximum sentence which petitioner alleges is violative of his rights to due process and a fixed maximum sentence. He alleges that the maximum date set for the termination of his first sentence had already passed and could not be extended or revised. He concludes then that the Board erred when, after petitioner had begun serving a second sentence, the Board entered him to serve the balance of his original sentence upon revocation of his parole before serving the balance of his new term.

Respondent Board's actions were in accordance with Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a (a), which provides that a convicted parole violator who is recommitted shall be reentered to serve the remainder of the term which he would have served had he not been paroled without credit for time at liberty on parole. This necessitates the extension of the parolee's maximum date set by the sentencing judge, a procedure approved in *Young v. Pennsylvania Board of Probation and Parole,* Pa. , 409 A.2d 843 (1979). Our Supreme Court held in *Young* that the Board's power to deny "street time" when recommitting the parole violator is not an encroachment upon judicial sentencing power.

The balance of the parole violator's original term precedes the commencement of his new term in cases such as this where parole is from a State penal or correctional institution and the new sentence imposed is to be served in a State penal or correctional institution. 61 P.S. §331.21a(a)(1). Here the petitioner had already begun serving his new term before he was recommitted as a convicted parole violator, but the Board properly suspended the service of the new term

when parole was revoked. The rule requiring petitioner to serve the balance of his old sentence before service of the newly imposed term is commenced only becomes operative when parole is revoked and the remainder of the original sentence becomes due and owing. *Richmond v. Commonwealth*, 43 Pa. Commonwealth Ct. 603, 402 A.2d 1134 (1979).

Although the new conviction on March 28, 1978, postdated the expiration of the maximum date of petitioner's original sentence, the Board has the authority to extend that maximum when revoking parole, even though the conviction for the new offense and the subsequent parole revocation did not occur until after the maximum date of the original sentence. *Pyatt v. Pennsylvania Board of Probation and Parole*, 30 Pa. Commonwealth Ct. 580, 374 A.2d 755 (1977).

Accordingly, we will enter the following

ORDER

AND Now, February 4, 1980, petitioner's motion for summary judgment is denied and summary judgment is entered in favor of the respondent Board.

Judge DiSALLE did not participate in the decision in this case.