# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Daniel Edwards, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 420 C.D. 2016 |
| | : | Submitted: October 7, 2016 |
| Pennsylvania Board of Probation and | : | |
| Parole, | : | |
| Respondent | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                    **FILED:  January 27, 2017**

Before this Court is Kent D. Watkins, Esquire's (Counsel) Application for Leave to Withdraw Appearance (Application to Withdraw) on behalf of Daniel Edwards (Edwards).  Edwards petitions for review of the September 28, 2015 Order of the Pennsylvania Board of Probation and Parole (Board) denying Edwards' Petition for Administrative Review and affirming its Decision mailed August 24, 2015, recommitting Edwards as a convicted parole violator (CPV) to serve 15 months backtime and recalculating Edwards' maximum sentence date to March 25, 2018.  Appended to Counsel's Application to Withdraw is a No-Merit Letter, in which Counsel argues that Edwards' appeal lacks a basis in law or fact and is, therefore, without merit.  (No-Merit Letter at 1.)  Because we conclude that

Counsel's No-Merit Letter has satisfied the requirements of <u>Commonwealth v. Turner</u>, 544 A.2d 927 (Pa. 1988), and agree that Edwards' appeal is without merit, we grant Counsel's Application to Withdraw and affirm the Board's Order.

Edwards pleaded guilty to Robbery and was sentenced to serve three years to seven years, with a minimum date of August 10, 2012 and a maximum date of August 10, 2016. (C.R. at 1.) Edwards was released on parole on December 19, 2013 to a community corrections center, where he remained until on or about March 21, 2014. (C.R. at 15, 41.) Thereafter, Edwards was arrested and charged with new crimes on August 12 and 13, 2014. (C.R. at 25.) The Board lodged a warrant to commit and detain Edwards on August 13, 2014. (C.R. at 16.) Edwards did not post bail on the new charges, and he remained confined in a county jail. (C.R. at 28.) The Board issued a Notice of Charges and Hearing based on the new criminal charges, Edwards waived his rights to counsel and a detention hearing on August 27, 2014, and the Board ordered him detained pending the disposition of those charges. (C.R. at 42-43, 46.) On March 31, 2015, Edwards pleaded guilty to two of the charges and was sentenced to a minimum of 35 months and a maximum of 70 months on one charge and 27 months to 54 months on the second, which was to run concurrently with the first sentence. (C.R. at 19, 35-36.) Edwards was returned to the custody of the Department of Corrections (DOC) on April 10, 2015. (C.R. at 79.)

On July 17, 2015, the Board received official verification of the new convictions, and it issued a Notice of Charges and Hearing based on those convictions. (C.R. at 48-49, 56.) Edwards requested a panel hearing, which was held on August 3, 2015, at which Edwards was represented by counsel. (C.R. at 51, 55-56.) At the hearing, Edwards' parole agent testified regarding the new

convictions, certified records of the convictions were presented, and Edwards acknowledged his convictions. Based on the evidence, the Board voted to recommit Edwards to serve 15 months backtime, deny him credit for the time he spent at liberty on parole, and change his maximum date from August 10, 2016 to March 25, 2018. (C.R. at 58-59, 80.) In recalculating Edwards' new maximum date, the Board used August 3, 2015 as the date he was returned to custody, and it did not credit Edwards with any time he spent in the county jail on the new charges or for the period between April 10, 2015 and August 3, 2015, when he was housed in the DOC after his new convictions. (C.R. at 80.)

Edwards filed a Petition for Administrative Review challenging the Board's decision not to give him credit for his time in custody with the DOC from April 10, 2015 to August 3, 2015. (C.R. at 84.) By Order mailed September 28, 2015, the Board rejected Edwards' challenge based on Campbell v. Pennsylvania Board of Probation and Parole, 409 A.2d 980 (Pa. Cmwlth. 1980), because Edwards did not become available to begin serving time on his original sentence until he had been recommitted as a CPV, which the Board indicated occurred on August 3, 2015. (C.R. at 87.) The Board further held that Edwards was not entitled to credit against his original sentence for his pre-sentence confinement period in county jail pursuant to Gaito v. Pennsylvania Board of Probation and Parole, 412 A.2d 568 (Pa. 1980), because he was not detained solely on the Board's detainer. (C.R. at 87-88.) Therefore, the Board affirmed its prior Decision. (C.R. at 88.)

Edwards filed a pro se Petition for Review with this Court on March 14, 2016 and requested that the Court accept it *nunc pro tunc*. The Board responded that it was very possible that Edwards had not been served with a copy of the September 28, 2015 Board Order "due to the negligence of a third-party or the

3

breakdown of the administrative process" and that it did not oppose the filing of the Petition for Review *nunc pro tunc*. (Board's Answer to Petition for Review ¶¶ 15, 18.) By Order dated May 17, 2016, this Court granted Edwards' application and accepted Edwards' Petition for Review *nunc pro tunc*. In another order issued that day, this Court appointed the Public Defender of Schuylkill County to represent Edwards in the action and Counsel, on behalf of the Public Defender, entered an appearance on Edwards' behalf on May 27, 2016. Counsel filed an Amended Petition for Review on June 1, 2016. Counsel now seeks to withdraw his appearance.

In order to withdraw an appearance, appointed counsel must submit a letter which meets the technical requirements of a no-merit or Turner letter. Zerby v. Shanon, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citing Com. v. Wrecks, 931 A.2d 717, 720-21 (Pa. Super. 2007)). In Turner, 544 A.2d at 928, our Supreme Court stated that, in order to withdraw an appearance, court-appointed counsel must submit to the court and to his or her client a no-merit letter in which counsel: (1) "detail[s] the nature and extent of [counsel's] review"; (2) identifies "each issue the [client] wished to have raised"; and (3) explains why the issues are meritless. Counsel is required to serve this letter and counsel's application to withdraw on his or her client and is further required to inform his or her client of the right to proceed pro se or through privately retained counsel. Zerby, 964 A.2d at 960 (internal quotation omitted). "[A] no-merit letter must substantively address each of the petitioner's arguments, rather than baldly stating that the claims are without merit." Hughes v. Pa. Bd. of Prob. and Parole, 977 A.2d 19, 25 (Pa. Cmwlth. 2009) (citing Hill v. Pa. Bd. of Prob. and Parole, 707 A.2d 1214, 1215-16 (Pa. Cmwlth. 1998)). The purpose of a Turner letter is to: (1) ensure that counsel has

4

"carefully" discharged his or her duty to his or her client; and (2) to enable "our independent examination of the merits of the appeal." Seilhamer v. Pa. Bd. of Prob. and Parole, 996 A.2d 40, 44 (Pa. Cmwlth. 2010) (citing Presley v. Pa. Bd. of Prob. and Parole, 737 A.2d 858, 861-62 (Pa. Cmwlth. 1999)). Only if Counsel's No-Merit Letter satisfies all of the technical requirements of a Turner letter will we then conduct an independent review of the merits of the petition for review to determine if it lacks merit. Zerby, 964 A.2d at 960. If Counsel's No-Merit Letter does not satisfy the technical requirements of Turner, we will deny Counsel's request and direct Counsel to either file a no-merit letter that complies with Turner or submit a brief on the merits of Edwards' Petition for Review. Id.

At the outset, we note that Counsel has complied with the notice requirements of a Turner letter. In his Application to Withdraw, Counsel states that he was including the No-Merit Letter with his Application to Withdraw, which was sent to this Court and to Edwards. In the No-Merit Letter, Counsel "advis[ed] . . . Edwards of his right to retain substitute counsel, if he so desires, and of his right to raise any points which he may deem worthy of merit in a pro se brief filed with this Honorable Court." (No-Merit Letter at 3-4.) Counsel also filed with this Court certificates of service indicating that he sent both the Application to Withdraw, which had the No-Merit Letter attached, and the No-Merit Letter to Edwards. Moreover, it is apparent from Counsel's recitation of the facts at hand that he has satisfied his obligation to thoroughly review the certified record in this matter. Zerby, 964 A.2d at 960.

Turning to the substance of Counsel's No-Merit Letter, in the Amended Petition for Review, Counsel set forth Edwards' issue as whether the Board "failed

to give [Edwards] credit for all time served exclusively [on] its warrant."[1] (Amended Petition for Review ¶ 5.) This is the issue that Counsel addresses in his No-Merit Letter, focusing on Edwards' contention that he should get credit for the period of time he was returned to DOC custody until the Board's revocation decision.[2] (No-Merit Letter at 3.) Citing Campbell and noting that Edwards did not post bail on the new charges and had not been recommitted as of April 10, 2015, Counsel asserts that Edwards was not entitled to credit against his backtime until the date the Board issued the action recommitting him as a CPV. (Id.) Therefore, Counsel maintains that Edwards' appeal "has no basis in law or in fact and is, therefore, frivolous." (Id.)

---

[1] Edwards' pro se Petition for Review raised the following issues: (1) he should have received "credit for time[]spent in good standing while on parole"; (2) he should have received credit "for time spent in custody under the Board's detainer unable to post bail [sic]" from August 13, 2014 to March 31, 2015, and from when he was returned to DOC custody on April 10, 2015 until the Board's Decision mailed on August 24, 2015; (3) the Board erred in extending Edwards' judicially-imposed sentence when it recalculated his maximum date beyond his original maximum date; and (4) the Board violated "the Collateral Estoppel Doctrine, Double Jeopardy, Cruel and Unusual Punishment, Due Process and Equal Protection of the Law Clauses of the U.S. Constitution." (Petition for Review ¶¶ 2, 10-11.) However, many of these issues have been addressed and rejected as being without merit or waived for not being raised before the Board in the first instance. See, e.g., Young v. Pa. Bd. of Prob. and Parole, 409 A.2d 843, 847 n.8 (Pa. 1979); Rivenbark v. Pa. Bd. of Prob. and Parole, 501 A.2d 1110, 1112-13 (Pa. 1985); Gaito, 412 A.2d at 570-71; Malarik v. Pa. Bd. of Prob. and Parole, 25 A.3d 468, 469 (Pa. Cmwlth. 2011); Richards v. Pa. Bd. of Prob. and Parole, 20 A.3d 596, 598-600 (Pa. Cmwlth. 2011); White v. Pa. Bd. of Prob. and Parole, 833 A.2d 819, 821 (Pa. Cmwlth. 2003); Torres v. Pa. Bd. of Prob. and Parole, 765 A.2d 418, 423 (Pa. Cmwlth. 2000); Boswell v. Pa. Bd. of Prob. and Parole, 512 A.2d 66, 68-70 (Pa. Cmwlth. 1986); U.S. v. Cavell, 425 F.2d 1350, 1352 (3d Cir. 1970). Thus, it is understandable why Counsel did not include them in the Amended Petition for Review filed on Edwards' behalf.

[2] Counsel misstates the dates at issue using August 10, 2015 and October 3, 2015, instead of April 10, 2015 and August 3, 2015, which was the period between Edwards' return to DOC and the revocation hearing.

Counsel advised Edwards of his right to file a pro se brief or hire new counsel if he believed that there were other issues he deemed worthy of raising to this Court, (No-Merit Letter at 3-4), but Edwards has not done either. Absent a brief from Edwards advising this Court that there are other issues that he believes are meritorious that are not being raised by Counsel, we conclude that Counsel, in discussing the issue raised in the Amended Petition for Review, citing to Campbell, and explaining why Campbell is applicable, has identified the "issue the [client] wished to have raised" and explained why that issue is without merit. Turner, 544 A.2d at 928.

Because Counsel's No-Merit Letter satisfies the requirements of a Turner letter, we now conduct an independent review to determine whether the issue Edwards raises lacks merit. Zerby, 964 A.2d at 960. In Campbell, this Court held that, although a CPV is required "to serve the balance of his original sentence before beginning service of a newly-imposed term, 'this rule *only becomes operative when parole has been revoked* and the remainder of the original sentence becomes due and owing.'" Campbell, 409 A.2d at 981-92 (quoting Richmond v. Commonwealth, 402 A.2d 1134, 1135 (Pa. Cmwlth. 1979)) (emphasis added). When Edwards returned to DOC on April 10, 2015, his parole had not yet been revoked by the Board and, as such, "'the remainder of [his] original sentence'" was not yet "'due and owing.'" Id. (quoting Richmond, 402 A.2d at 1135). This did not occur until August 3, 2015, which is what the Board used as Edwards' return to DOC custody date to compute his new maximum date. We also note, as the Board did in its Order, that Edwards was not entitled to credit for any of his pre-sentence confinement because he did not post bail on his new charges and, therefore, was not confined solely on the Board's warrant. Gaito, 412 A.2d at 571. Edwards had

7

965 days remaining on his original sentence when he was paroled, and adding that number of days to August 3, 2015 results, as the Board concluded, in a new maximum date of March 25, 2018. (C.R. at 80.)

Accordingly, we grant Counsel's Application to Withdraw and affirm the Board's Order.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Edwards,                :
          Petitioner       :
                       :
          v.                :    No. 420 C.D. 2016
                       :
Pennsylvania Board of Probation and   :
Parole,                     :
          Respondent    :

## **O R D E R**

**NOW**, January 27, 2017, the Application for Leave to Withdraw Appearance filed by Kent D. Watkins, Esquire is hereby **GRANTED**, and the Order of the Pennsylvania Board of Probation and Parole is hereby **AFFIRMED**.

 

_____

**RENÉE COHN JUBELIRER,** Judge