Shaqual Mercer,                   :
          Petitioner         :
                                :
      v.                       :
                                :
Pennsylvania Board of        :
Probation and Parole,        :   No. 912 C.D. 2019
         Respondent      :   Submitted: November 27, 2019

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                         FILED: February 5, 2020

Shaqual Mercer (Mercer) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) August 12, 2019 order denying his request for administrative relief. Mercer presents two issues for this Court's review: (1) whether Mercer's appeal from the Board's October 4, 2018 decision (mailed October 11, 2018) was timely; and (2) whether the Board correctly calculated Mercer's maximum sentence release date. After review, we affirm.

On March 21, 2016, Mercer was paroled from his 4- to 8-year sentence for robbery (Original Sentence). *See* Certified Record (C.R.) at 2-4. At that time, Mercer's Original Sentence maximum release date was March 21, 2020. *See* C.R. at 4. Mercer agreed to conditions governing his parole, including:

> If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or

been released on your own recognizance from those charges.

. . . .

If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole [(*i.e.*, street time)[1]].

C.R. at 5. Mercer did not object to the above-quoted parole conditions.

On February 1, 2018, Mercer was arrested and charged in Delaware County for, *inter alia*, Possession with Intent to Deliver a Controlled Substance and Fleeing or Eluding Police (collectively, New Charges). *See* C.R. at 8-13. That same day, the Board lodged a warrant to commit and detain Mercer, and he was incarcerated at the Delaware County Prison. *See* C.R. at 14-15, 18. Bail was initially set on the New Charges on February 2, 2018, but Mercer did not post bail. *See* C.R. at 18, 34. On May 9, 2018, the Board issued a decision detaining Mercer pending disposition of the New Charges. *See* C.R. at 15. On June 6, 2018, the Delaware County Common Pleas Court modified Mercer's bail, which he posted on June 28, 2018, and was released to the Board's detainer. *See* C.R. at 34. On July 3, 2018, Mercer was transferred to the state correctional institution (SCI) at Graterford. *See* C.R. at 32. On July 24, 2018, Mercer pled guilty to the New Charges, and he was sentenced to time served to 24 months in an SCI (New Sentence). *See* C.R. at 16.

On August 8, 2018, the Board received notice of Mercer's conviction and issued a Notice of Charges. *See* C.R. at 17. On August 13, 2018, Mercer admitted to his criminal parole violation and waived his right to a revocation hearing and counsel. *See* C.R. at 23-24. On September 10, 2018, the second panel member

---

[1] "Street time" refers to "the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

2

voted to recommit Mercer as a convicted parole violator (CPV).[2] By decision recorded on October 4, 2018 (mailed October 11, 2018), the Board formally recommitted Mercer as a CPV to serve 18 months of backtime.[3] *See* C.R. at 49. The Board recalculated Mercer's Original Sentence maximum release date to August 14, 2022; however, the Board's decision incorrectly stated that the maximum sentence release date was September 10, 2018. *See* C.R. at 47, 50, 63, 87. The Board's decision specified: "IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY (30) DAYS OF THE MAILING DATE OF THIS DECISION." C.R. at 50. Mercer's appeal was due by November 11, 2018. *See* C.R. at 85.

On December 3, 2018, the Board received Mercer's November 26, 2018 Administrative Remedies Form. Therein, he claimed that the Board violated his constitutional rights and challenged the Board's sentence credit and reparole eligibility date on the bases that he was compelled to enter into an illegal contract when he was paroled, the Board lacked the authority to change his sentence, the Board should have credited his street time, and the Board should have credited the time he served between February 2 and June 28, 2018 to his New Sentence. *See* C.R. at 51-71. By May 1 and June 24, 2019 letters, Mercer requested the status of his appeal. *See* C.R. at 70-71, 72-84.

---

[2] Section 6113(b) of the Prisons and Parole Code (Parole Code) states, in relevant part: "The [B]oard may make decisions on . . . revocation in panels of two persons. A panel shall consist of one board member and one hearing examiner or of two board members." 61 Pa.C.S. § 6113(b). "[T]he date that the revocation and recommitment Hearing Report was signed by the second panel member thereby effectively revok[ed] [Mercer's] parole . . . ." *Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 769 n.3 (Pa. Cmwlth. 2015).

[3] The Board denied Mercer credit for the time he spent at liberty on parole between March 21, 2016 and February 1, 2018. The hearing examiner recommended no credit "due to [Mercer] serving a sentence for a violent offense, his poor adjustment under supervision, and the dangerous nature of the fleeing from police offense[;]" and the Board member recommended no credit because Mercer "continues to be a danger to the community. [B]y fleeing he put numerous people in danger and continues to participate in criminal activity." C.R. at 27.

On June 27, 2019, the Board dismissed Mercer's December 3, 2018 appeal (postmarked November 27, 2018) from the Board's October 4, 2018 decision (mailed October 11, 2018) as untimely. Also on June 27, 2019, the Board issued a decision correcting the maximum release date error made in its October 4, 2018 decision (mailed October 11, 2018). *See* C.R. at 87.

On July 1, 2019, Mercer filed an Inmate Request to Staff Member, wherein he inquired why the Board's June 27, 2019 maximum release date decision did not reference his pending appeal. *See* C.R. at 88. Staff responded that Mercer should direct his inquiry to the Board within the requisite 30 days. *See* C.R. at 88. On July 30, 2019, the Board received an Administrative Remedies Form dated and submitted by Mercer on July 23, 2019, wherein he repeated his recommitment challenge that he had raised in his December 3, 2018 appeal. *See* C.R. at 89-96.

By August 12, 2019 order, the Board denied Mercer's appeal and affirmed its June 27, 2019 decision on the following basis:

> This is a response to the administrative remedies form we received date[-]stamped July 30, 2019. Because you object to credit applied and your recalculated max date . . . , your request is considered a petition for administrative review[] from the [B]oard action recorded June 27, 2019. For the reasons that follow, your petition is denied.
>
> The [B]oard paroled you from a[n] [SCI] . . . on March 21, 2016 with a max date of March 21, 2020. This left you with a total of 1461 days remaining on your sentence at the time of parole. The Board's decision to recommit you as a [CPV] authorized the recalculation of your sentence to reflect that you receive no credit for the time you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). In this case, the [B]oard did not award you credit for time at liberty on parole. This means you still had a total of 1461 days remaining on your sentence based on your recommitment.
>
> On February 1, 2018 the [B]oard lodged its detainer against you. On February 2, 2018[,] you were arrested [sic] for new criminal charges in [Delaware County] . . . . You

4

posted bail on June 28, 2018. You were sentenced on July 24, 2018 to a term of state confinement.

Based on these facts, the [B]oard awarded backtime credit from February 1, 2018 to February 2, 2018, and from June 28, 2018 to July 24, 2018 (27 days). Subtracting these 27 days means there was now a total of 1434 days remaining on your original sentence. Any other credit in question will go, or has gone, towards your new state sentence when you were serving that sentence.

[Section 6138(a)(5) of t]he Prisons and Parole Code [(Parole Code)[4]] provides that [CPVs] who are paroled from a[n] [SCI] and then receive another sentence to be served in a[n] [SCI] must serve the original sentence first. 61 Pa. C.S. § 6138(a)(5). However, that provision does not take effect until the parolee is recommitted as a [CPV]. Thus, you did not become available to commence service of your original sentence until September 10, 2018, when the [B]oard made [its] decision. Adding 1434 days to that date yields a new maximum sentence date of August 14, 2022.

August 12, 2019 Board Dec. at 1-2; C.R. at 97-98. Mercer appealed to this Court.[5]

Mercer first argues that the Board erred by dismissing his December 3, 2018 appeal from the Board's October 4, 2018 decision (mailed October 11, 2018) as untimely, and he seeks to have the matter remanded for consideration of the merits of his appeal. *See* Mercer Br. at 10. It is clear, despite that the Board's June 27, 2019 order dismissed Mercer's December 3, 2018 appeal as untimely, the Board's August 12, 2019 order was in response to Mercer's July 23, 2019 appeal, wherein he again raised the issues he presented in his December 3, 2018 appeal and, thus, the timeliness of Mercer's initial appeal was no longer at issue. Accordingly, the Board

---

[4] 61 Pa. C.S. §§ 101-6309.

[5] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

addressed only the merits of Mercer's recommitment challenge, and the timeliness of his December 3, 2018 appeal is now moot.

Next, Mercer contends that the Board erred in its recalculation of his Original Sentence maximum release date by failing to credit him for all the time he was held on the Board's detainer after he posted bail. Mercer specifically asserts:

> Because [I] posted bail on the new charges on June 28, 2018, the Board erred in setting [my] date of 'custody for return' at September 10, 2018. Further undermining the Board's position is the fact that [I] was taken into [] custody by the Department of Corrections on July 3, 2018 – three weeks before [I] entered guilty pleas on [my] [N]ew [C]harges and was sentenced. The Board simply cannot legitimately claim that [I] was not within its custody prior to September 10, 2018.

Mercer Br. at 12.

Initially,

Section 6138(a)(1) of the [Parole Code] provides that

> [a] parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

61 Pa. C.S. § 6138(a)(1). Where the [Board] determines to recommit a parolee as a [CPV],

> the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1)*, shall be given no credit for the time at liberty on parole.

6

> 61 Pa. C.S. § 6138(a)(2) (emphasis added). Section 6138(a)(2.1) of the Parole Code provides that, '[t]he [Board] may, in its discretion, award credit to a parolee recommitted . . . for the time spent at liberty on parole,' with [] enumerated exceptions, none of which are applicable in this case. 61 Pa. C.S. § 6138(a)(2.1).

*Smoak v. Talaber*, 193 A.3d 1160, 1163-64 (Pa. Cmwlth. 2018) (footnotes omitted).

Further, Section 6138(a)(4) of the Parole Code states: "The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator." 61 Pa.C.S. § 6138(a)(4). Section 6138(a)(5)(1) of the Parole Code specifies that "[i]f a person is paroled from a[n SCI] and the new sentence imposed . . . is to be served in [an SCI,]" the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term. 61 Pa.C.S. § 6138(a)(5)(1). However, "[a]lthough Section [6138(a)(5) of the Parole Code] requires a [CPV] to serve the balance of his original sentence before beginning service of a newly imposed term, 'this rule only becomes operative when parole has been revoked and the remainder of the original sentence becomes due and owing.'" *Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 981-82 (Pa. Cmwlth. 1980) (quoting *Richmond v. Commonwealth*, 402 A.2d 1134, 1135 (Pa. Cmwlth. 1979)).[6]

In *Wilson v. Pennsylvania Board of Probation & Parole*, 124 A.3d 767 (Pa. Cmwlth. 2015), the parolee similarly argued that the Board erred by recalculating his maximum sentence date from when the Board obtained the second panel member's signature, as opposed to the date he was moved from county prison

---

[6] The Parole Code was consolidated and became effective on October 13, 2009. *Campbell* was based upon Section 21.1 of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147. Section 6138(a) of the Parole Code is virtually identical to former Section 21.1(a) of the Parole Act, but with added subparagraphs.

to SCI-Graterford. Therein, this Court explained that, regardless of when the parolee was moved from county prison to state prison, a parolee does not become available to begin serving his backtime on his original sentence until the Board revokes parole, which is when the Board obtains the second required signature on the revocation hearing report. *See id.*; *see also Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 166 (Pa. Cmwlth. 2016) ("[A] parole violator's new maximum date is calculated from the date on which the Board obtained the second signature needed to recommit him as a CPV.").

"Here, the Board's hearing report indicates the hearing examiner obtained a second signature for [Mercer's] recommitment on [September 10, 2018]. C.R. at [31]. As such, [Mercer's] new maximum expiry must be calculated from that date." *Palmer*, 134 A.3d at 166; *see also Wilson*; *Campbell*. Accordingly, the Board properly recalculated the new maximum date of Mercer's Original Sentence.[7]

Based on the foregoing, the Board's August 12, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge

---

[7] "The Board is required to give [CPVs] credit on their original sentence for any pre-sentence confinement [when] a parolee is incarcerated solely on the Board's detainer." *Kerak v. Pa. Bd. of Prob. & Parole*, 153 A.3d 1134, 1142 (Pa. Cmwlth. 2016); *see also Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980). Accordingly, the Board credited Mercer's time served solely under the Board's detainer from June 28 to July 24, 2018 to his Original Sentence. In addition, "the time served by the prisoner [from his conviction on the new charges] to the date parole is revoked must be applied to the new sentence." *Hill v. Pa. Bd. of Prob. & Parole*, 683 A.2d 699, 702 (Pa. Cmwlth. 1996); *see also Campbell*. Thus, the Board credited the time Mercer was incarcerated from July 24 to September 10, 2018 to his New Sentence. *See* August 12, 2019 Board Dec.; *see also* Board Br. at 9-10.

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaqual Mercer,                  :
         Petitioner       :
                        :
       v.                  :
                        :
Pennsylvania Board of      :
Probation and Parole,       :   No. 912 C.D. 2019
         Respondent   :

## O R D E R

AND NOW, this 5th day of February, 2020, the Pennsylvania Board of Probation and Parole's August 12, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge