# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Lee James, :
              Petitioner :
               : No. 150 C.D. 2024
           v. :
               : Submitted: August 8, 2025
Pennsylvania Parole Board, :
              Respondent :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE MATTHEW S. WOLF, Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                        **FILED:  September 16, 2025**

Ronald Lee James (Petitioner) has petitioned this Court to review a decision of the Pennsylvania Parole Board (Board), mailed January 24, 2024, denying his request for administrative relief. Additionally, Kent D. Watkins, Esq. (Counsel), Petitioner's court-appointed counsel, has filed a letter pursuant to *Commonwealth v. Turner* and an application to withdraw[1] asserting this appeal lacks merit. After careful review, we grant Counsel's application to withdraw and affirm the Board.

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

# I. BACKGROUND[2]

Petitioner was serving a term of two years and three months to four years and six months as a result of a drug-related conviction with minimum and maximum sentence dates of April 16, 2019, and July 16, 2021, respectively. *See* Order to Release on Parole/Reparole, 5/28/19. On August 2, 2019, Petitioner was paroled.

However, on June 18, 2021, Petitioner was arrested on new criminal charges, and the Board lodged its detainer against him that same day. *See* Bd.'s Warrant to Commit & Detain, 6/18/21. On July 16, 2021, Petitioner reached his maximum date, and so the Board released its warrant on July 21, 2021. *See* Order to Release from Temp. Det. or to Cancel Warrant to Commit & Detain, 7/21/21. Petitioner posted bail on August 23, 2021. *See* Ct. of Common Pleas of Northampton Cnty. Docket No. CP-48-CR-0002143-2021. Then, on April 3, 2023, Petitioner was sentenced to a new term of incarceration for a drug-related conviction.[3] The Department of Corrections (DOC) issued a warrant on April 28, 2023, following notification of the conviction, to recommit Petitioner to serve 12 months of backtime as a convicted parole violator (CPV).

A parole revocation hearing was held on August 1, 2023, and the Board voted to revoke Petitioner's parole on August 15, 2023. In its decision to revoke parole, the Board also denied Petitioner credit for time spent at liberty on parole, stating that it was within the Board's discretion to do so. The Board based its reasoning on Petitioner's conviction for the same or similar offense as his original

---

[2] Unless otherwise stated, we base this background on the Board's response to Petitioner's administrative remedies form, mailed January 24, 2024. *See* Resp. to Admin. Remedies, 1/24/24, at 1-3.

[3] Petitioner was sentenced in the Northampton County Court of Common Pleas under docket CP-48-CR-0002143-2021.

conviction and his ongoing, unresolved drug and alcohol issues. Additionally, in making its decision, the Board considered the sanctions imposed on Petitioner for cocaine use and the fact that the new offense involved a controlled substance. Furthermore, the Board noted that any credit for time spent incarcerated that was not applied toward Petitioner's original sentence may be calculated by DOC and applied toward his new sentence after he begins serving that term.

The Board recalculated Petitioner's maximum date to be July 29, 2025, and his reparole eligibility date to be August 15, 2024. Petitioner subsequently sought administrative relief, with the help of Counsel, disputing his reparole eligibility date and challenging the Board's decision to deny him credit for time spent at liberty on parole and for all time served exclusively pursuant to the Board's warrant. After review, the Board denied Petitioner's request for relief.

Then, on February 22, 2024, Counsel filed a petition for review on behalf of Petitioner, arguing that the Board: (1) failed to give Petitioner credit for all time served exclusively on the Board's warrant or while incarcerated; (2) abused its discretion by failing to give Petitioner credit for all time in good standing on parole; and (3) incorrectly recalculated Petitioner's parole eligibility date. *See* Pet. for Rev., 2/22/24, at 1-2. However, on May 13, 2024, Counsel filed a *Turner* letter and an application to withdraw as counsel, asserting that Petitioner's issues lacked merit. *See* Turner Letter, 5/13/24, at 1. By this Court's memorandum opinion and order filed March 5, 2025, we denied Counsel's application to withdraw and directed him to file either an amended application to withdraw or a brief addressing the merits of the petition for review. *See* Mem. Op., 3/5/25. Counsel timely filed an amended application to withdraw and *Turner* letter on March 19, 2024. *See* Turner Letter, 3/19/25; Appl. to Withdraw as Counsel, 3/19/25.

3

## II. *TURNER/FINLEY* REQUIREMENTS

We first consider whether Counsel's amended application to withdraw and *Turner* letter comply with the *Turner* requirements. A *Turner* letter must detail "the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citation omitted); *see also Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009) (quoting *Turner*, 544 A.2d at 928, stating that counsel's letter must detail "the nature and extent of [counsel's] review and list[] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless").

Further, "[c]ounsel *must* also send to petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; *and* (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Zerby*, 964 A.2d at 960 (emphasis added). If counsel satisfies these technical requirements, we must then conduct our own review of the merits of the case. *Id.* If we agree that the claims are without merit, we will permit counsel to withdraw and deny relief. *Id.*

Instantly, Counsel has satisfied the technical requirements of *Turner*. *See id.*; *Hughes*, 977 A.2d at 26. Counsel thoroughly discussed the nature of his review, identified the issues raised in Petitioner's administrative appeal, and explained why those issues lacked merit. *See* Turner Letter at 1-8. Counsel served copies of both the Application to Withdraw and *Turner* letter on Petitioner and the Board. Additionally, Counsel informed Petitioner of his right to proceed *pro se* or with new counsel. *See* Turner Letter at 8. As such, Counsel has demonstrated

compliance with the standards outlined in *Turner*. *See Zerby*, 964 A.2d at 960; *Hughes*, 922 A.2d at 26.

The record reflects that Petitioner did not retain new counsel or file a *pro se* response. Accordingly, we review the merits of Petitioner's appeal.

### III. DISCUSSION[4]

Counsel's *Turner* letter identifies three issues. *See* Turner Letter at 1. First, Petitioner avers that the Board failed to give him credit for all time served exclusively on the Board's warrant or while incarcerated. *See id.* Second, Petitioner asserts that the Board abused its discretion by failing to give him credit for all time in good standing on parole. *See id.* at 1. Lastly, Petitioner contends that the Board incorrectly calculated his parole eligibility date. *See id.* According to Petitioner, his "return to custody" date should be May 1, 2023, making his reparole eligibility date May 1, 2024. *See id.* at 6-7.

When calculating credit for pre-sentence confinement, several principles apply. First, when an offender is incarcerated on the Board's detainer and new charges, all time spent in confinement must be credited to either his new or original sentence. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 309 (Pa. 2003); *see also Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). When an offender is detained on the Board's warrant and does not post bail on the new charges, the time spent incarcerated is credited toward his new sentence. *See Gaito*, 412 A.2d at 571. In contrast, if the offender is being held in custody solely because of the Board's warrant but has otherwise met the requirements for bail on

---

[4] Our standard of review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. 2 Pa.C.S. § 704.

the new criminal charges, the time in custody shall be credited toward his original sentence. *See id.*

Section 6138 of the Prisons and Parole Code addresses when the Board may grant a convicted parole violator credit for time spent at liberty on parole. Generally, a convicted parole violator is not entitled to credit for the time spent at liberty on parole. 61 Pa.C.S. § 6138(a)(2). However, provided the offender has not been convicted of a crime of violence or a crime relating to registration of sexual offenders, and is not subject to a federal removal order, the Board has the discretion to grant the offender credit for time spent at liberty on parole. *Id.* § 6138(a)(2.1).

The Board must articulate the basis for its decision to grant or deny a convicted parole violator credit for time spent at liberty on parole. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 475 (Pa. 2017) (holding that the Board "must provide a contemporaneous statement explaining its reason for denying a [convicted parole violator] credit for time spent at liberty on parole"). The Board's statement need not "be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at n.12; *see also Williams v. Pa. Bd. of Prob. & Parole*, 2019 WL 3943982 (Pa. Cmwlth., No. 1243 C.D. 2018, filed Aug. 21, 2019) (unreported)[5] (concluding that the Board's stated reason of "new conviction same/similar to original offense" satisfied the *Pittman* standard.)

A parolee does not become available to serve his original sentence until the Board recommits him. *See White v. Pa. Parole Bd.*, 276 A.3d 1247, 1253 (Pa. Cmwlth. 2022). A convicted parole violator serves the balance of the original term before serving his new sentence, but this requirement only takes effect once "parole has been revoked and the remainder of the original sentence becomes due and

---

[5] We note this case for its persuasive value. *See* Pa.R.A.P. 126(b)(1)-(2); 210 Pa. Code § 69.414(a)

6

owing." *Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980) (quoting *Richmond v. Commonwealth*, 402 A.2d 1134, 1135 (Pa. Cmwlth. 1979)); 61 Pa.C.S. § 6138(a)(5.1).

Here, Petitioner was denied credit for time spent at liberty on parole because, as the Board articulated, Petitioner was convicted of a new offense that was the same or similar in nature to his original conviction, and he continued to demonstrate ongoing issues with drug and alcohol use. *See* Revocation Hr'g R., 8/15/23; Resp. to Admin. Remedies, at 1. As such, we discern no error or abuse of discretion from the Board. *See Pittman*, 159 A.3d at 475; 61 Pa.C.S. § 6138(a)(2.1).

Because Petitioner did not receive credit for time spent at liberty on parole, and because he was not held solely on the Board's warrant prior to sentencing, Petitioner owed 714 days on his original sentence. *See* Resp. to Admin. Remedies. Petitioner became available to begin serving that sentence on August 15, 2023, when the Board revoked his parole and recommitted him as a convicted parole violator. *See* Resp. to Admin. Remedies, at 2; *Campbell*, 409 A.2d at 981-82; *White*, 276 A.3d at 1253. Adding 714 days to August 15, 2023, results in a new maximum sentence date of July 29, 2025. Accordingly, the Board did not err in recalculating Petitioner's maximum sentence. *See* 61 Pa.C.S. § 6138(a)(2.1); *Gaito*, 412 A.2d at 571. Any period of incarceration for which Petitioner did not receive credit toward his original sentence will be credited toward his new sentence.[6] *See Martin*, 840 A.2d at 309; *Campbell*, 409 A.2d at 981-82.

---

[6] The Board recognizes this in its decision, stating "any time spent incarcerated that was not applied toward [Petitioner's] original sentence may be calculated by the Department of Corrections and applied towards his new state sentence after he begins serving those terms." Resp. to Admin. Remedies, at 2.

Finally, Petitioner's reparole eligibility date of August 15, 2024, was correctly calculated based on his 12-month backtime imposed, starting from the effective date of his return to custody following the revocation of parole on August 15, 2023. *See* Resp. to Admin. Remedies, at 2; Bd.'s Decision, 9/1/23; Revocation Hr'g R.; Order to Recommit, 9/14/23. There is no support in the record for calculating reparole eligibility based on May 1, 2023, as Petitioner's parole was not revoked until August 15, 2023. *See* Order to Recommit, 9/14/23.

## IV. CONCLUSION

For these reasons, we conclude that Counsel has fulfilled the requirements of *Turner/Finley*, and our independent review of the record confirms that Petitioner's appeal lacks merit. Accordingly, we grant Counsel's application to withdraw his appearance and affirm the Board's decision. *See Zerby*, 964 A.2d at 960.

**LORI A. DUMAS, Judge**

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Ronald Lee James,              :
         Petitioner        :
                        :   No. 150 C.D. 2024
        v.                :
                        :
Pennsylvania Parole Board,   :
         Respondent     :

## **O R D E R**

AND NOW, this 16th day of September, 2025, we GRANT the Application to Withdraw filed by counsel, Kent D. Watkins, Esq., and AFFIRM the Pennsylvania Parole Board's decision mailed January 24, 2024. Additionally, we direct the Prothonotary to serve this Opinion and Order on Ronald Lee James.

 

**LORI A. DUMAS, Judge**