Robert M. Campbell, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs September 6, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DiSALLE, CRAIG and MACPHAIL.

*Robert M. Campbell,* for himself, petitioner.

*Robert A. Greevy,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, January 11, 1980:

Petitioner Robert M. Campbell seeks our review of the Pennsylvania Board of Probation and Parole's computation of his sentences. The parties' cross-motions for summary judgment are before us for consideration.

Petitioner was arrested on March 22, 1977, while on parole from an earlier sentence. Because he did not post bail, he remained in custody pending disposition of the new charges. The board filed a detainer on April 1, 1977 and, after a preliminary detention hearing, decided to return petitioner as a technical violator when available. No revocation hearing took place regarding any technical violations.

On September 6, 1977, petitioner was convicted of narcotics violations and received a 1½ to 5-year sentence. After a revocation hearing on November 10, 1977, the board, as of November 15, recommitted petitioner as a convicted parole violator.

In early 1979 petitioner requested that the board recompute his sentences and allocate the time served from March 22 to November 15 to his new sentence. On March 9, 1979 the board responded that his sentences were computed in light of this court's decision in *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977), so that the board allocated the period in question to his old sentence.

In late May, 1979, after this proceeding was instituted, the board again computed petitioner's sentences, this time allocating the period between March

22 and September 6, the date of sentencing, to his new sentence, in accordance with our decisions in *Carter v. Rapone,* 39 Pa. Commonwealth Ct. 160, 394 A.2d 1092 (1978), and *Davis v. Cuyler,* 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978).

Petitioner's claim is that because the board did not recommit him until November 15, 1977, his confinement between September 6 and November 15 should likewise be credited to the new sentence. We agree.

The matter is controlled by statute. Although Section 21.1(a) of the Act of August 6, 1941[1] requires a convicted parole violator to serve the balance of his original sentence before beginning service of a newly-imposed term, "this rule only becomes operative when parole has been revoked and the remainder of the original sentence becomes due and owing." *Richmond v. Commonwealth of Pennsylvania,* 43 Pa. Commonwealth Ct. 603, 402 A.2d 1134, at 1135 (1979).

Because the board revoked petitioner's parole as of November 15, 1977, service of his back time on the old sentence must be computed from and begin on that date.

Therefore, we will grant summary judgment in petitioner's favor, and order the board to recompute his sentences, crediting the time from September 6, 1977 to November 15, 1977 to the sentence imposed September 6, 1977 and to no other sentence.

President Judge BOWMAN concurs in result only.

### ORDER

AND Now, this 11th day of January, 1980, summary judgment is granted to the petitioner, Robert M. Campbell, and the Pennsylvania Board of Probation and Parole is ordered to recompute his sentences,

---

[1] P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(a).

crediting the time from September 6, 1977 to November 15, 1977 to the sentence imposed September 6, 1977 and to no other sentence.

This decision was reached prior to the expiration of the term of office of Judge DiSalle.