IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester Wiles,                          :
                                        :
                   Petitioner           :
                                        :
         v.                             : No. 503 C.D. 2019
                                        : Submitted: October 18, 2019
Pennsylvania Board                      :
of Probation and Parole,                :
                                        :
                   Respondent :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  February 10, 2020

         Chester Wiles (Wiles), *pro se*,[1] petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that denied his request for administrative review following a Board recommitment order.  Before this Court, Wiles argues that the Board erred in relying on *Campbell v. Pennsylvania Board of Probation and Parole*, 409 A.2d 980 (Pa. Cmwlth. 1980), to determine his maximum sentence date.  Wiles asks this Court to overturn its decisions in *Campbell* and its progeny as contrary to the plain language of Section 6138(a)(4)-(5) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(4)-(5).  Upon review, we affirm the Board's order.

_____

[1] Wiles was appointed counsel on May 14, 2019.  Wiles wished to proceed *pro se*, and his counsel's petition to withdraw was granted on June 11, 2019.

In May of 2007, Wiles pled guilty to aggravated assault and was sentenced to a term of 7 to 14 years in prison. Certified Record (C.R.) at 1-2. In addition, Wiles pled guilty to carrying a firearm without a license and was sentenced to a concurrent probation term. Wiles' original maximum sentence date was May 19, 2020. *Id.* at 1-2.

On May 19, 2013, the Board released Wiles on parole. Wiles had 2,557 days remaining on his sentence at the time he was paroled. C.R. at 4-7. On September 30, 2013, while on parole, Wiles was arrested by the Philadelphia Police Department and charged with manufacture, delivery, possession with intent to distribute and possession of a controlled substance. *Id.* at 17. That same day, the Board issued a warrant to commit and detain Wiles for parole violations. *Id.* at 16. The Philadelphia County Court of Common Pleas (trial court) set bail at $250,000, which Wiles did not post. *Id.* at 32. Wiles was confined pending disposition of the new criminal charges. *Id.* at 23, 43. On February 24, 2014, the charges against Wiles were dismissed and he was re-released on parole. *Id.* at 53-56.

On August 15, 2014, while on parole, Wiles was arrested by the Philadelphia Police Department and charged with intentional possession of a controlled substance by a person not registered. C.R. at 57. That same day, the Board issued a warrant to commit and detain Wiles for parole violations. *Id.* at 60. The trial court released Wiles on his own recognizance. On November 10, 2014, the Board rendered a decision to detain Wiles pending disposition of the new criminal charges. The charges were dismissed, and Wiles was again released on parole with restrictions on December 12, 2014. *Id.* at 86.

On November 10, 2016, while on parole, Wiles was arrested by the Philadelphia Police Department and charged with two counts of theft by receiving

2

stolen property and three violations of the Pennsylvania Uniform Firearms Act of 1995.[2]  *Id.* at 105-113.  The next day, the Board issued a warrant to commit and detain Wiles for parole violations.  *Id.* at 87.  The trial court set bail at $50,000, which Wiles did not post.  *Id.* at 119.  On December 29, 2016, the Board rendered a decision to detain Wiles pending disposition of the new criminal charges.  *Id.* at 126. On February 7, 2018, Wiles pled guilty to possession of a firearm and was sentenced to a minimum of two and a half years and a maximum of five years, with two years of probation consecutive to confinement.  *Id.* at 142.  The remaining charges were dismissed.

The Board charged Wiles as a convicted parole violator (CPV) based on his new conviction.  C.R. at 150.  On April 6, 2018, Wiles waived his right to counsel and a revocation hearing.  *Id.* at 150-153.  On April 18, 2018, a hearing examiner determined that Wiles should be recommitted as a CPV based on his conviction.  *Id.* at 160-167.  On May 10, 2018, the Board revoked Wiles' parole via the second signature on the hearing report.  *Id.* at 167.

By decision mailed June 15, 2018, the Board recommitted Wiles as a CPV to serve 24 months' backtime.  C.R. at 180.  The Board did not award Wiles credit for time he spent at liberty on parole, citing the similarity between Wiles' new conviction and his original offense.  *Id.* at 180.  The Board awarded Wiles credit for the 210 days he spent in custody under the Board's detainer based on his September 2013 and August 2014 arrests, which left a balance of 2,347 days (2,557 days - 210 days) remaining on his original sentence.  The Board added the balance of 2,347 days to May 10, 2018, making Wiles' new maximum sentence date October 12,

---

[2] 18 Pa. C.S. §§6101-6128.

2024, and declared he would not be eligible for parole until May 10, 2020. *Id.* at 180.

Wiles requested administrative review of the Board's June 15, 2018 decision on the basis that the Board miscalculated his maximum sentence date and parole eligibility date. C.R. at 183. More particularly, Wiles asserted that he was available to begin serving backtime on February 7, 2018, when he was sentenced for the new charge, and which is 92 days before the Board officially recommitted him as a CPV. *Id.* at 182-185. By decision mailed April 1, 2019, the Board denied Wiles' request for administrative review. Citing *Campbell*, the Board explained that his new maximum date and parole date were correctly calculated, and affirmed its recommitment decision. *Id.* at 188-189. Wiles then petitioned this Court for review.[3]

Wiles challenges this Court's holdings in *Campbell* and its progeny as contrary to the plain language of Section 6138(a)(4)-(5) of the Parole Code. In relevant part, it states:

**(a) Convicted violators.**

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment . . . to which the parolee pleads guilty . . . at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013), *appeal denied*, 87 A.3d 322 (Pa. 2014).

* * *

(4) **The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.**

(5) **If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall now precede the commencement of the new term imposed in the following cases:**

   (i)  **If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.**

61 Pa. C.S. §6138(a)(1), (4)-(5)(i) (emphasis added).

According to Wiles, the plain language of Section 6138 places him in Board custody on February 7, 2018, the date on which he was sentenced for the new conviction. Under Section 6138(a)(5)(i), a CPV must serve backtime on his original sentence before serving his new sentence when each sentence is to be served in a state correctional institution. Thus, Wiles contends he was available to begin serving his backtime on February 7, 2018, the day he was sentenced on the new charge, because he was within the Board's custody. As a result, he asserts that the Board's calculation of his new maximum sentence date must be corrected.

The objective of statutory interpretation is to ascertain the intent of the legislature. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C.S. §1921(a). Generally, the plain language of the statute is the best indication of legislative intent. *Commonwealth v. Shiffler*, 879 A.2d 185, 189 (Pa. 2005). A court

5

should consider the statutory construction factors only when the words of a statute are not explicit. 1 Pa. C.S. §1921(c).

This Court has examined the plain language of Section 6138 numerous times and has long held that a CPV only becomes available to serve backtime on the date his parole is revoked, not the date he is sentenced for a new criminal conviction. *Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382, 391-92 (Pa. Cmwlth. 2019); *Hill v. Pennsylvania Board of Probation and Parole*, 683 A.2d 699, 702 (Pa. Cmwlth. 1996); *Williams v. Pennsylvania Board of Probation and Parole*, 654 A.2d 235, 237 (Pa. Cmwlth. 1995); *Campbell*. Parole revocation occurs when a hearing examiner and a Board member, or two Board members, sign a hearing report recommitting a parolee as a CPV. Section 6113(b) of the Parole Code, 61 Pa. C.S. §6113(b).[4] When the Board recommits a CPV to serve the balance of his original sentence, the backtime must be computed from the revocation date. *Hill*, 683 A.2d at 702; *Campbell*, 409 A.2d at 982. If a CPV has served time prior to the date the Board revokes his parole, that time must be applied to his new sentence. *Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015); *Campbell*, 409 A.2d at 982. We decline Wiles' invitation to disturb this well-settled precedent.

In this case, a hearing examiner determined that Wiles' parole should be revoked based on Wiles' admission to his new conviction. C.R. at 160-167. A little over three weeks later, a Board member agreed with the hearing examiner's determination, as evidenced by the Board member's May 10, 2018 signature on the revocation hearing report. *Id.* at 167. On May 10, 2018, when the Board obtained

---

[4] Section 6113(b) of the Parole Code states that "[the Board] may make decisions on parole, reparole, return or revocation in panels of two persons. A panel shall consist of one board member and one hearing examiner or of two board members. . . ." 61 Pa. C.S. §6113(b).

the second required signature, it was authorized to revoke Wiles' parole. 61 Pa. C.S. §6113(b). The Board properly determined that the remainder of Wiles' original sentence became due and owing on May 10, 2018, making his maximum and parole dates October 12, 2024, and May 10, 2020, respectively. C.R. at 178; *see Wilson*, 124 A.3d at 770 (no error in calculation of new maximum date, recommitment date for CPV is the date the Board obtains the second signature). Therefore, the time Wiles spent in custody between February 7, 2018, and May 10, 2018, must be applied to his new sentence and cannot be counted as backtime. *See Williams*, 654 A.2d at 237.

Accordingly, we affirm the order of the Board denying Wiles' request for administrative review.

_____
MICHAEL H. WOJCIK, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester Wiles,       :
                              :
                Petitioner   :
                              :
        v.                   :  No. 503 C.D. 2019
                              :
Pennsylvania Board       :
of Probation and Parole,   :
                              :
             Respondent :

O R D E R

AND NOW, this 10th day of February, 2020, the order of the Pennsylvania Board of Probation and Parole, dated April 1, 2019, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge