# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lance Williams,                          :
                                         :
                    Petitioner           :
                                         :
          v.                             :   No. 1151 C.D. 2021
                                         :   Submitted: December 2, 2022
Pennsylvania Parole Board,               :
                                         :
                    Respondent           :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  May 9, 2023


          Lance Williams (Parolee) petitions for review of a decision of the
Pennsylvania Parole Board (Board) that denied his petition for administrative review
of the Board's decision, recalculating his minimum and maximum sentence dates
that were later than initially calculated.  Parolee contends that the Board erred when
it increased his maximum sentence and enhanced his backtime based on the date of
his recommitment as a convicted parole violator (CPV).  We affirm.

          On May 30, 2013, Parolee pleaded guilty, in the Montgomery County
Court of Common Pleas (trial court), to two respective charges of carrying a firearm
without a license and drug possession with intent to manufacture, sell, or deliver.
Certified Record (C.R.) at 1.  Parolee was sentenced to concurrent 1- to 4-year and

3- to 6-year terms of incarceration in a State Correctional Institution (SCI), with a maximum sentence date of May 29, 2019. *Id.* On June 1, 2015, he was released from Quehanna Motivational Boot Camp on parole, with 1,458 days remaining on his sentence. *Id.* at 4, 97.

On September 14, 2016, Parolee was arrested by the Upper Perk Police Department. C.R. at 21. The following day he was charged with a litany of offenses,[1] and monetary bail was set at $250,000.00. *Id.* at 55-56.[2] Parolee did not post bail and was incarcerated in Montgomery County Prison. *Id.* at 21, 55-56. Because of these new charges and his failure to post bail, the Board issued a Warrant to Commit and Detain on September 15, 2016. *Id.* at 7.

On October 21, 2019, Parolee pleaded guilty to drug possession with intent to manufacture, sell, or deliver (three counts), dealing in proceeds of unlawful activities (one count), and criminal use of a communication facility (one count). C.R. at 21-23. Because the original detainer warrant had expired, and because of Parolee's conviction, the Board issued a new Warrant to Commit and Detain on October 22, 2019, pending sentencing. *Id.* at 17, 22, 23.

On February 14, 2020, Parolee received an aggregate 5- to 10-year sentence of incarceration for his September 15, 2016 charges. C.R. at 64. Thereafter, the Board held a parole revocation hearing. *Id.* at 26-44.

---

[1] Parolee was charged with drug possession with intent to manufacture, sell, or deliver (three counts); dealing in proceeds of unlawful activities with intent to promote the carrying on of the unlawful activity (one count); criminal use of a communication facility (one count); possession of marijuana (one count); use or possession of drug paraphernalia (three counts); intent to possess controlled substance by person not registered (three counts); and windshield obstruction (one count). C.R. at 21, 57.

[2] Parolee requested bail modification, which was denied on October 21, 2019. C.R. at 55-56.

On April 8, 2020, a Board Member considered the Hearing Examiner's findings and voted to revoke parole by signing the form. C.R. at 45-53. Further, the Board did not award Parolee credit for time at liberty, because "[Parolee] committed a new conviction that is the same or similar to the original offense thereby warranting denial of credit for time at liberty on parole." *Id.* at 48. Ultimately, the Board recommitted Parolee as a CPV, but recommended a 24-month "recommitment at the bottom of the range . . . in light of [the 5-to-10-year] sentence [that] he [was] facing." *Id.* at 52. By decision mailed on June 19, 2020, the Board informed Parolee that he had been recommitted as a CPV, and sentenced to 24 months' backtime in an SCI, setting February 14, 2022, as his minimum date, and February 11, 2024, as his maximum date. *Id.* at 92-93.

Parolee contested the recommitment term for his original sentence in an Administrative Remedies Form dated July 16, 2020, arguing that the Board overcalculated his time "at liberty." C.R. at 95.[3] By decision mailed on August 4, 2021, the Board denied Parolee's request for street time credit, but explained that it had discovered an error in its calculation of Parolee's maximum date, which warranted an increase to a new maximum sentencing date of April 5, 2024. *Id.* at 97-99.

Regarding the denial of Parolee's time at liberty, the Board explained that at the time of his June 1, 2015 release, Parolee still owed 1,458 days on his original sentence. C.R. at 97. Further, the Board explained that pursuant to Section 6138(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6138(2), when the Board decided "to recommit [Parolee] as a convicted parole violator, it

---

[3] Parolee stated: "The Parole Board gave me a 24[-]month hit on a Parole number that was mailed out in 2019. My new conviction didn't come until 5 months after. I was only at liberty 15 months. I sat on a state-detainer from 2016-2020." C.R. at 95.

authorized the recalculation of [his] maximum date to reflect that [he] received no credit for the time spent at liberty on parole." C.R. at 97. Because Parolee received a "conviction of similar nature to present offense," the Board denied his request to apply credit for time spent at liberty on parole to his sentence. *Id.* at 92, 97. Thus, 1,458 days remained on Parolee's sentence at the time of recommitment. *Id.* at 97.

However, while recalculating Parolee's sentence, the Board discovered an error which increased Parolee's minimum date to April 8, 2022, and maximum date to April 5, 2024. C.R. at 97-99. Relying on *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980), the Board explained that "because [Parolee] did not post bail, [he was] not entitled to any pre-sentence credit for [his] original sentence." C.R. at 98. Likewise, because Parolee was held on both the new criminal charges and the Board's detainer, the pre-sentence detention applied to his new February 14, 2020 sentence, with the 1,458 days remaining owed on his original May 30, 2013 sentence. *Id.*

Regarding the increase in Parolee's maximum date, the Board noted that Section 6138(a)(5)(i) of the Parole Code[4] requires that Parolee serve his original sentence before serving his new sentence. C.R. at 98. However, the Board, citing

---

[4] 61 Pa. C.S. §6138(a)(5)(i). Section 6138(a)(5)(i) provides:

**(a) Convicted violators--**

＊ ＊ ＊ ＊

(5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a[n SCI] and the new sentence imposed on the person is to be served in the [SCI].

4

*Campbell v. Pennsylvania Board of Probation and Parole*, 409 A.2d 980, 981-82 (Pa. Cmwlth. 1980), explained that this "provision does not take effect until the Board recommits the offender," in this case April 8, 2020. C.R. at 98. Essentially, "the Board previously used the February 14, 2020 sentencing date as the effective date of return, in error," and the 1,458 days on Parolee's original sentence became due on April 8, 2020. *Id.*

Additionally, the Board denied Parolee's challenge of his 24-month recommitment term, because it "lies at the bottom of the presumptive range," *id.*, pursuant to Sections 75.1 and 75.2 of its regulations, 37 Pa. Code §§75.1 and 75.2. Under *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990), "[b]ecause the Board assigned a term within the range, it is therefore not subject to challenge." C.R. at 98.

In a counseled request for administrative review of the Board's August 4, 2021 decision, Parolee argued "there was no lawful basis to subtract the two (2) months['] credit from [Parolee]," and asked that the decision mailed on June 19, 2020 be reinstated. C.R. at 104. To that end, the Board subsequently affirmed its decision on the same grounds in a letter dated on September 20, 2021. *Id.* at 116-118. The Board reiterated that under the Parole Code, once the Board had recommitted Parolee, it was free to recalculate his sentence. *Id.* at 116. Then, it explained that for the same reasons provided in the June 19, 2020 decision, the Board had denied at liberty credit, and 1,458 days remained on Parolee's sentence from the date of recommitment. *Id.* The Board again explained that without having posted bail, "the Board did not hold him solely on its warrant following his arrest," and Parolee was not entitled to pre-sentence credit towards his May 30, 2013 sentence for time served before his recommitment. *Id.* at 117. Further, the Board explained

5

that the 1,458 days remaining on Parolee's sentence are owed from the date of recommitment, in this case April 8, 2020. *Id.* Finally, the Board explained that "adding [24 months of backtime] to the April 8, 2020 availability date yields a new eligibility for reparole date of April 8, 2022." *Id.* It is the September 20, 2021 order that serves as the basis for Parolee's instant timely appeal.[5]

The sole issue that Parolee raises on appeal is whether "the [B]oard err[ed] by extending [his] ineligibility and maximum date/arbitrarily enhancing the backtime sentence." Petitioner's Brief at 3. Specifically, Parolee claims that "a review of the calculations fails to reveal the purpose of the timing where two (2) months['] credit was subtracted and when." *Id.* at 6.

First, Section 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. §6138(a)(2.1), "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of the sentence," though the Board must provide a "contemporaneous statement explaining its rationale." *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 475 (Pa. 2017). Moreover, under *Gaito*, a CPV is only entitled to apply credit for time spent in custody toward his original sentence, where the parolee is being held solely on the Board's detainer warrant. *Gaito*, 412 A.2d at 571. Thus, where a CPV is eligible for bail, but does not post bail, he is not being held solely on the detainer warrant nor is he entitled to credit for this time on his original sentence. *Id.*

Here, by decision mailed on June 19, 2020, the Board notified Parolee that he was denied credit for any time spent at liberty, because "[he] committed a new conviction that is the same or similar to the original offense thereby warranting denial of credit for time at liberty on parole." C.R. at 93. As such, the Board was

---

[5] On January 20, 2022, Parolee was granted parole on his original sentence on or after April 8, 2022. C.R. at 120-21.

well within its discretion when it denied Parolee credit for his time spent at liberty, and the rationale provided for doing so was sufficiently contemporaneous and extensive. *See Pittman*, 159 A.3d at 475 n.12 ("[T]he reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances.").

Moreover, following his September 14, 2016 arrest, Parolee did not post bail. C.R. at 21. Without posting bail, Parolee was not being held solely on the detainer warrant during the period of confinement before his new convictions. As such, he is not entitled to credit this time in custody toward his original sentence. In fact, Parolee was credited with the 1,249 days between his arrest on the new charges on September 14, 2016, and his sentencing on the new convictions on February 14, 2020. *Id.* at 64. Consequently, Parolee owed the remaining balance on his original sentence from the time of his June 1, 2015 release; in this case, 1,458 days. However, Parolee's remaining balance is not in dispute at this stage of the proceedings. Rather, the point of contention between Parolee and the Board is when the 1,458 days became due and owing.

Regarding Parolee's claim that the Board's June 19, 2020 calculation was the correct calculation, Section 6138(a)(5) of the Parole Code requires a CPV to serve the remainder of his original term before serving a new term. However, under Section 6138(a)(4) of the Parole Code, "[t]he period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to [an SCI] as a parole violator." 61 Pa. C.S. §6138(a)(4). Taken together, this Court clarified that Section 6138(a)(5) "only becomes operative when parole has been revoked and the

7

remainder of the original sentence becomes due and owing." *Campbell*, 409 A.2d at 982.

To that extent, it is well settled that parole is not revoked and a CPV is not recommitted until "a hearing examiner and Board member or two Board members sign a hearing report recommitting a prisoner as a CPV." *Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382, 392 (Pa. Cmwlth. 2019). Hence, the Parole Code does not permit Parolee to begin serving his original sentence until the date that parole was revoked, and he was recommitted as a CPV.

Parolee reads *Campbell* to support his position, claiming that "at issue in *Campbell* was the fact that since the Board did not recommit the petitioner until November 15, 1977, his confinement between September 6 and November 15 should have also been credited, to which the Commonwealth Court agreed." Petitioner's Brief at 6. We note that in *Campbell* this Court held that "the matter [was] controlled by statute," and reasoned that "because the [B]oard revoked [the] petitioner's parole as of November 15, 1977, service of his back time on the old sentence must be computed from and begin on that date." *Campbell*, 409 A.2d at 981-82.

Parolee asserts that the instant case and *Campbell* are "virtually indistinguishable," Petitioner's Brief at 7; however, Parolee misreads *Campbell*. Therein, the petitioner sought to have the period for his confinement prior to recommitment "allocated . . . to his new sentence," rather than to his original sentence. *Campbell*, 409 A.2d at 981. Whereas, here, Parolee is seeking to reinstate the Board's June 19, 2020 decision which calculated service of his original sentence based on his sentencing date, and effectively credited two months of confinement before his recommitment to his original sentence rather than to his new sentence.

8

Therefore, a correct reading of *Campbell* means that service of the remainder of Parolee's original sentence must begin on the date of his recommitment.

Here, the hearing report was not signed by both the hearing examiner and a Board member until April 8, 2020. C.R. at 52-53. Consequently, parole was not revoked, and Parolee was not recommitted as a CPV, until April 8, 2020. Thus, under the Parole Code, and as clarified in *Campbell* and *Barnes*, Parolee became eligible to begin serving the remaining 1,458 days of his original sentence on April 8, 2020, rather than on February 14, 2020.

With respect to the decision mailed on June 19, 2020, the Board admitted that it erred when it calculated Parolee's maximum sentence based on the February 14, 2020 sentencing date for his new convictions, rather than the April 8, 2020 date of his recommitment. C.R. at 98, 117. Upon recalculation, the Board correctly modified Parolee's sentence, because "adding 1,458 days to [the day of recommitment, April 8, 2020,] results in the April 5, 2024 parole violation maximum date." Respondent's Brief at 7. Thus, the purpose of subtracting two (2) months' credit was to ensure that Parolee did not prematurely begin service on his original sentence.

Parolee further contends that the period between the expiration of the Board's detainer on May 29, 2019, and relodging a detainer on October 22, 2019, "does not seem to be credited elsewhere . . . [and] should have gone to the backtime." Petitioner's Brief at 7. However, backtime is merely the "unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code §61.1. Backtime is not a sentence in and of itself; rather, it is a duration of time that must be served before the Board will reconsider parole. *Krantz v. Pennsylvania Board of Probation and Parole*, 483 A.2d 1044, 1047 (Pa.

9

Cmwlth. 1984). Moreover, notwithstanding the presumptive ranges, backtime is left to the Board's "exclusive discretion," such that the Board may require a parolee to serve the entirety of his maximum sentence without parole eligibility. *Id*. at 1048. Additionally, even where the backtime has been served, the Board may deny parole where the Board has determined that parole is not in the best interests of the parolee or the Commonwealth. *Id*.

Consequently, in *Krantz*, this Court did not find that the Board offended due process when it applied credit for a parolee's prior confinement to his maximum sentence rather than backtime, because of the Board's exclusive discretion concerning backtime and the distinction between that of backtime and a judicially imposed sentence. 483 A.2d at 1048. Therein, it was proper to apply the credit to the petitioner's maximum sentence, because the petitioner was confined for a "prior unrelated and unproven parole violation." *Id*. Even so, there is no right that attaches to backtime by which the Board's discretion is limited.

As such, *Gaito*, 412 A.2d at 571, and *Campbell*, 409 A.2d at 982, control. Because Parolee was confined from May 29, 2019, to October 22, 2019, for failing to post bail on his related September 15, 2016 charges, rather than being detained solely on a Board detainer warrant, C.R. at 21, it would be inappropriate to credit this period toward his original sentence. Similarly, because his original sentence was not due and owing until he was recommitted, Parolee was only eligible to begin serving the 24 months' backtime as of April 8, 2020.

Regarding Parolee's claim that his parole eligibility date was "arbitrarily enhanced," Petitioner's Brief at 7, the Board explained that "the reparole eligibility date is a function of the 24 months of backtime imposed in the revocation decision." Respondent's Brief at 7. In relevant part, Section 75.2 of the Board's

regulations states that "if the Board orders the recommitment of a parolee as a [CPV], the parolee shall be recommitted to serve an additional part of the term which the parolee would have been compelled to serve had he not been paroled, in accordance with the . . . presumptive ranges" pertaining to the new offenses. 37 Pa. Code §75.2.

Considering the foregoing, it is incorrect to claim the Board "enhanced" Parolee's backtime. Here, the Hearing Examiner recommended 36 months of backtime before parole eligibility in the Hearing Report. C.R. at 51. Upon review by the Board, this minimum period was reduced to "the bottom of the range - 24 months - in light of the [the 5-to-10-year] sentence [that Parolee was] facing." *Id*. at 52. Consequently, when the Board modified the date on which Parolee could begin service on his original sentence, it did not enhance his backtime. In fact, Parolee's backtime still lies at the very bottom of the presumptive range. Rather, the Board ensured that Parolee did not begin serving his backtime before he was available to do so upon his recommitment.

Accordingly, the Board's order is affirmed.

 

_____
MICHAEL H. WOJCIK, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lance Williams,                              :
                                             :
                        Petitioner           :
                                             :
            v.                               : No. 1151 C.D. 2021
                                             :
Pennsylvania Parole Board,                   :
                                             :
                        Respondent :

# **O R D E R**

AND NOW, this 9th day of May, 2023, the Pennsylvania Parole Board's September 20, 2021 decision is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge