# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darrell A. Bell,                    :
                Petitioner    :
                              :
                              :  No. 939 C.D. 2023
           v.               :
                              :  Submitted: September 9, 2024
                              :
Pennsylvania Parole Board,          :
                Respondent    :

BEFORE:    HONORABLE ELLEN CEISLER, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                      **FILED: October 22, 2024**

Darrell A. Bell (Petitioner) has petitioned this Court to review a decision of the Pennsylvania Parole Board (Board), entered August 18, 2023, that denied his request for administrative relief. Kent D. Watkins, Esq. (Counsel), Petitioner's court-appointed counsel, has filed an application to withdraw[1] because the appeal lacks merit. We grant Counsel's application to withdraw and affirm the Board.

## I. BACKGROUND[2]

Briefly, on September 21, 2018, Petitioner was sentenced to three to

---

[1] _See Commonwealth v. Turner_, 544 A.2d 927 (Pa. 1988); _Commonwealth v. Finley_, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

[2] Unless otherwise stated, we state the background based on the Board's response to Petitioner's administrative remedies form. _See_ Resp. to Admin. Remedies Form, 8/18/23, at 1-2. We note that the Board erred in stating one particular date but otherwise correctly calculated a particular term of credit. _Id._ at 1. In relevant part, the Board contended that Petitioner was "temporarily held on a Board detainer for _135_ days from _March_ 15, 2021 to September 27, 2021," which actually reflects a duration of 196 days. _Id._ at 2 (emphases added). As noted herein, Petitioner was detained on _May_ 15, 2021—not March 15, 2021—which reflects a correct duration of _135_ days. Warrant, 5/15/21.

seven years' imprisonment for, *inter alia*, a gun offense, with a maximum sentence date of January 21, 2025. Sentence Status Summary, 12/28/18. The Board paroled Petitioner on October 2, 2019. Admin. Action, 10/7/19.

On May 15, 2021, the police arrested and charged Petitioner with various offenses, and the Board issued a detainer. *See* Warrant. The new charges were dismissed, and the Board canceled its detainer on September 24, 2021. Bd.'s Order, 9/24/21. Petitioner was released from custody on September 27, 2021. Supervisor Controls (undated).

On February 9, 2022, the police again arrested Petitioner, who did not post bail.[3] Petitioner was arraigned on February 10, 2022, and on December 8, 2022, he pleaded guilty to a gun offense and was sentenced to three to seven years' imprisonment. Docket, No. CP-51-CR-0001580-2022.

Following a parole revocation hearing, the Board revoked Petitioner's parole on March 1, 2023. The Board recommitted Petitioner on March 17, 2023. The Board did not award credit for time spent at liberty on parole and recalculated Petitioner's maximum sentence date as February 5, 2028.

Petitioner timely appealed the Board's decision, the Board affirmed, and Petitioner timely appealed to this Court. Counsel filed a *Turner/Finley* application to withdraw.

## II. *TURNER/FINLEY* REQUIREMENTS

We first consider whether Counsel's letter and application to withdraw comply with the *Turner/Finley* requirements. A *Turner/Finley* letter must detail "the

---

[3] Police had executed a search warrant looking for another parole absconder and instead found Petitioner staying overnight (without permission from his parole officer) with his paramour. Supervision History, 2/10/23. The police searched Petitioner, the house, and the paramour's room and recovered a firearm. The record did not precisely state where the firearm was recovered. (The police also found the absconder hiding in a different room.)

nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citation omitted). Further, counsel must "send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising [the] petitioner of the right to proceed *pro se* or by new counsel." *Id.* (citation omitted). If counsel satisfies these technical requirements, then we must conduct our own review of the merits of the case. *Id.* If we agree that the claims are without merit, then we will grant counsel's application to withdraw. *Id.*

Instantly, upon review, we hold that Counsel satisfied the technical requirements of *Turner/Finley*. *See id.* Counsel discussed the nature of his review, identified the issues raised in Petitioner's administrative appeal, and explained why those issues lack merit. *See Turner/Finley* Ltr. at 5-7. Counsel also sent a copy of the *Turner/Finley* letter and application to withdraw to Petitioner. Appl. to Withdraw, 11/21/23, ¶ 6. Counsel also advised Petitioner of his right to proceed *pro se* or with new counsel. *See Turner/Finley* Ltr. at 7. The record reflects that Petitioner did not retain new counsel or file a *pro se* response. Accordingly, we review the merits of Petitioner's appeal.

### III. DISCUSSION[4]

Counsel's *Turner/Finley* Letter raises two issues. First, the Board incorrectly calculated his maximum sentence date by failing to give him credit for the time served on the Board's warrant or while incarcerated. Second, the Board

---

[4] Our standard of review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. 2 Pa.C.S. § 704. The Board did not file a brief.

3

abused its discretion by not granting Petitioner credit for time spent at liberty on parole. *Id.* at 1.

When calculating credit for pre-sentence confinement, several principles apply. First, when an offender is incarcerated on the Board's detainer and new charges, all time spent in confinement must be credited to either his new or original sentence. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 309 (Pa. 2003); *see also Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). When an offender is incarcerated on the Board's warrant and does not post bail on new charges, the time is credited to his new sentence. *See Gaito*, 412 A.2d at 571. A parolee does not become available to serve his original sentence until the Board recommits him. *See White v. Pa. Bd. of Prob. & Parole*, 276 A.3d 1247, 1253 (Pa. Cmwlth. 2022) (citing *Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980 (Pa. Cmwlth. 1980)).

Instantly, when the Board paroled Petitioner on October 2, 2019, he had 1,938 days remaining on his original sentence, *i.e.*, January 21, 2025. The Board granted him credit for 135 days from May 15, 2021, through September 27, 2021, when Petitioner was confined on charges that were ultimately dismissed. The Board credited that time against Petitioner's original sentence. *See Gaito*, 412 A.2d at 571. Thus, after subtracting 135 days from 1,938 days, Petitioner had 1,803 days left on his original sentence. *See id.*

Petitioner was arrested on February 9, 2022, and arraigned on February 10, 2022, on new charges. The Board granted Petitioner credit for the one day he spent in custody solely on the Board's detainer. *See id.* Petitioner was not entitled to subsequent pre-sentence confinement credit, because he was not held solely on the Board's detainer but also on new criminal charges for which he did not post bail.

4

*See id.* Thus, after subtracting 1 day from 1,803 days, Petitioner had 1,802 days to serve on his original sentence. Thus, adding 1,802 days to March 1, 2023 (the Board's recommitment date), results in a recalculated maximum sentence date of February 5, 2028. *See id.*; *White*, 276 A.3d at 1253. For these reasons, the Board did not err by failing to give Petitioner credit for time served on the Board's warrant or while incarcerated.

With respect to Petitioner's second issue, 61 Pa.C.S. § 6138 addresses when the Board may grant a convicted parole violator credit for time spent at liberty on parole. Generally, a convicted parole violator is not entitled to credit for the time spent at liberty on parole. 61 Pa.C.S. § 6138(a)(2). However, provided the offender has not been convicted of certain enumerated crimes and is not subject to a federal removal order, the Board has the discretion to grant the offender credit for time spent at liberty on parole. *Id.* § 6138(a)(2.1).

For example, in *Beverly v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 510 C.D. 2022, filed March 31, 2022) (unreported), 2022 WL 964015, the petitioner challenged the Board's decision to deny him credit for time spent at liberty on parole after his new conviction for a firearms violation. *Beverly*, slip op. at 5-6, 2022 WL 964015, at *3-4. The *Beverly* Court affirmed the Board's decision, reasoning that because the petitioner had not committed a disqualifying crime and was not subject to a federal removal order, the Board properly exercised its discretion "by choosing not to grant [the petitioner] any credit for his street time." *See id.*, slip op. at 6, 2022 WL 964015, at *3.

Here, similar to the *Beverly* petitioner, Petitioner's firearms offense is not a disqualifying offense, and he is not subject to a federal removal order. Therefore, the decision of whether to grant credit for time spent at liberty on parole

was solely within the Board's discretion. *See id.* Like the *Beverly* Court, we conclude the Board exercised that discretion properly by choosing not to grant Petitioner any credit for his street time. *See id.*; *accord* 61 Pa.C.S. § 6138(a)(2.1).

### IV. CONCLUSION

For these reasons, we conclude Counsel has fulfilled the requirements of *Turner/Finley*, and our independent review of the record confirms that Petitioner's appeal lacks merit. Accordingly, we grant Counsel's application to withdraw his appearance and affirm the Board's decision. *See Zerby*, 964 A.2d at 960.

                                                  _____

**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darrell A. Bell,                                    :
               Petitioner          :
                            :   No. 939 C.D. 2023
          v.                          :
                            :
Pennsylvania Parole Board,                :
               Respondent          :

# **O R D E R**

AND NOW, this 22nd day of October, 2024, we GRANT the application to withdraw as counsel filed by Kent D. Watkins, Esq., and AFFIRM the Pennsylvania Parole Board's August 18, 2023 decision.

_____
**LORI A. DUMAS, Judge**