# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Cameron Campbell, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 4 C.D. 2024 |
| | : | |
| Pennsylvania Parole Board, | : | |
| Respondent | : | Submitted: November 7, 2024 |

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                            FILED:  December 18, 2024

Cameron Campbell (Campbell) petitions for review of the final determination of the Pennsylvania Parole Board (Board) mailed December 8, 2023. The Board affirmed its prior decision recorded April 19, 2023, thereby denying Campbell's request for administrative relief from that decision. We affirm.

The Board granted Campbell parole by action recorded November 8, 2019, and he was released on parole on January 21, 2020, with a controlling maximum sentence date of December 3, 2023. Certified Record (C.R.) at 6-9. On December 11, 2021, police arrested Campbell and charged him in Blair County with risking catastrophe and recklessly endangering another person. *Id.* at 49-50. On December 12, 2021, the Board lodged a warrant to commit and detain Campbell as a convicted parole violator (CPV). *Id.* at 20. The Board detained Campbell pending the new charges. *Id.* at 21. Campbell was held for trial on the new charges in the

Blair County Prison on $20,000 bail (reduced to $5,000 on December 23, 2021) which he did not post. *Id.* at 49-50.

On December 16, 2022, following a jury trial, Campbell was convicted on both new charges. C.R. at 54-55. He was sentenced to serve a total of 1 to 2 years' incarceration. *Id.* at 32-35. The Board held a parole revocation hearing at which Campbell was represented by counsel. *Id.* at 24, 25, 39. The Board prepared a hearing report recommitting Campbell as a CPV, which Board members signed on April 18, 2023. *Id.* at 48. By action recorded April 19, 2023, the Board recommitted Campbell as a CPV to serve 12 months' backtime. *Id.* at 66. The Board awarded Campbell credit for time at liberty on parole. *Id.* The Board recalculated Campbell's maximum sentence date as April 8, 2025. *Id.*

On or about May 9, 2023, Campbell filed a request for administrative relief with the Board, arguing that the Board had failed to give proper credit for time served exclusively on the Board's warrant and had failed to award proper credit for time at liberty on parole. *Id.* at 68. In a decision mailed December 8, 2023, the Board denied Campbell's administrative appeal and affirmed its April 19, 2023 decision. *Id.* at 70-71. The Board reasoned, in relevant part:

> First, addressing [the] challenge of credit for time spent at liberty, the Board decision in question awarded all credit for the time spent at liberty while on parole; therefore, this issue is moot . . . .
>
> [T]he Board elected to award [Campbell] with all credit for the time spent at liberty on parole from January 21, 2020 (parole date) to December 12, 2021 (date of arrest) for a total of 691 days. When you subtract 691 days from [the 1412 days remaining on his original sentence] this leaves him with 721 days owed on his original sentence based on the recommitment.

. . . .

The Prisons and Parole Code provides that a CPV who was released from a[ State Correctional Institution (SCI)] and receives a new sentence to be served in an SCI must serve the original sentence first, and *those terms must be served consecutively.* 61 Pa. C.S. § 6138(a)(5); *see also Commonwealth v. Dorian*[,] 468 A.2d 1091 (Pa. 1983). However, that provision does not take effect until the Board revokes the offender's parole. *Campbell v. Pa. Bd. of Prob. & Parole,* 409 A.2d 980 (Pa. 1980). This means that [Campbell] became available to commence service of his original sentence on April 18, 2023, because that is the day the Board obtained enough signatures to declare him a parole violator. Adding 721 days to April 18, 2023[,] yields a recalculated maximum date of April 8, 2025. Thus, the Board properly recalculated his maximum date.

Please note that any time spent incarcerated that was not applied toward [Campbell's] original sentence will be calculated by the Department of Corrections [(DOC)] and applied toward his new state sentence when he begins serving that term.

*Id.* Campbell timely petitioned this Court for review.

On appeal,[1] Campbell raises a single issue: that the Board failed to award proper credit toward his original sentence for time he was confined pending the new charges. He argues that his recalculated maximum sentence date should be December 12, 2023, or 492 days earlier than it is now calculated. He bases that 492-day period on the time between December 12, 2021 (the day he was arrested on the new charges) and April 18, 2023 (his custody-for-return date) and argues that that time should be credited toward his original sentence. The Board responds that

---

[1] Our review of a Board decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether the Board committed an error of law, or whether the parolee's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

Campbell is required to serve his original sentence first and that the 492-day period must and will be credited toward his new sentence, not his original sentence.

We agree with the Board. When Campbell was paroled from the original sentence on January 21, 2020, that sentence had 1,412 days remaining (the time from his release on parole to his maximum date, which was then December 3, 2023). Upon recommitment, the Board credited Campbell with 691 days of street time, which reduced the time left on his original sentence to 721 days (1,412−691=721). Campbell became available to recommence serving his original sentence on April 18, 2023, when Board members signed the hearing report revoking his parole. *See Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980) (en banc); *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 392 (Pa. Cmwlth. 2019). Adding 721 days to April 18, 2023, yields a maximum date of April 8, 2025. Time Campbell spent in custody awaiting the new charges and sentence must be credited to the new sentence, instead of the original sentence, because that pre-sentence detention was due to Campbell's failure to post bail and was thus not based solely on the Board's detainer. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). Thus, the Board did not err in recalculating Campbell's maximum sentence date.

Accordingly, we affirm the Board's final determination.

_____
MATTHEW S. WOLF, Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cameron Campbell,                         :
                        Petitioner        :
                                          :
            v.                            :   No. 4 C.D. 2024
                                          :
Pennsylvania Parole Board,                :
                        Respondent        :

# **O R D E R**

AND NOW, this 18th day of December 2024, the final determination of the Pennsylvania Parole Board mailed December 8, 2023, is AFFIRMED.

 

 

 
_____
MATTHEW S. WOLF, Judge