# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent Jerome Carroll,       :
          Petitioner          :
                         :   No. 64 C.D. 2023
       v.                  :
                         :   Submitted: November 7, 2024
Pennsylvania Parole Board,      :
          Respondent       :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                **FILED: December 20, 2024**

Vincent Jerome Carroll (Petitioner) has petitioned this Court to review a decision by the Pennsylvania Parole Board (Board), mailed January 10, 2023, denying administrative relief from his recommitment as a convicted parole violator (CPV) to serve 36 months of backtime. He argues that the Board (1) failed to give him credit on his original sentence for the time he was incarcerated exclusively on the Board's detainer, (2) abused its discretion in declining him credit for time spent at liberty on parole, and (3) recommitted him above the presumptive range for recommitment. After careful review, we affirm the Board's decision.

# I. BACKGROUND[1]

Petitioner was released on parole from a state correctional institution on September 15, 2018, with a maximum expiration date of November 21, 2024. At the time of his release, Petitioner had 2,259 days remaining on his original sentence. However, on April 25, 2021, Petitioner was arrested on new criminal charges in Dauphin County, including Possession of a Firearm Prohibited (F1), Manufacture, Delivery, or Possession with Intent to Deliver a Controlled Substance (F), and Use of Drug Paraphernalia (M).[2] Bail was set at $30,000, which Petitioner posted on the same day. Additionally, on that same day, the Board lodged a warrant to commit and detain him pending disposition of these charges.

On July 22, 2022, Petitioner pleaded guilty to the new charges and was sentenced to two to four years in a state correctional institution for the firearm offense and one to two years for the drug-related charges. On August 4, 2022, Petitioner waived his right to a revocation hearing and admitted that his new convictions violated the conditions of his parole. Subsequently, on August 10, 2022, the Board revoked his parole and recommitted him as a CPV to serve 36 months of backtime. The Board also applied 453 days of credit towards his original sentence for the period Petitioner was detained solely on the Board's warrant prior to his sentencing, from April 25, 2021, through July 22, 2022, recalculating his new maximum date as July 21, 2027.

---

[1] Unless otherwise stated, we base the recitation of facts on the Board's response to Petitioner's administrative remedies form, mailed January 10, 2023, which is supported by the record. *See* Response to Admin. Remedies Form, 1/10/23, at 1-3.

[2] Respectively, 18 Pa.C.S. § 6105(a); Section 13(a)(30) and (a)(32) of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(30), (32).

After receiving the Board's decision, Petitioner filed for administrative relief, arguing that the Board (1) had failed to give him credit for all time served pursuant to its warrant, (2) abused its discretion in denying him credit for time at liberty on parole, and (3) recommitted him for a period exceeding the presumptive range for his offenses. The Board affirmed the panel decision on January 10, 2023, and Petitioner timely petitioned this Court for review.

## II. ISSUES

Petitioner has presented three issues for our consideration. Pet'r's Br. at 4. First, he contends that the Board failed to give him credit toward his original sentence for all time served exclusively on its warrant or while incarcerated. *See id.* Second, Petitioner asserts that the Board abused its discretion in declining to grant him credit for time spent at liberty on parole.[3] *See id.* Additionally, Petitioner preserved a third issue, claiming the Board recommitted him above the presumptive range.[4] Pet. for Rev., 1/26/23, at 2 (unpaginated).

---

[3] Petitioner has abandoned this claim on appeal. According to Petitioner, the "Board set forth adequate reasons for denying credit for time at liberty on parole." Pet'r's Br. at 12. (citing *Pittman v. Pa. Bd. of Prob. & Parole*, 137 A.3d 572 (Pa. 2016)). We agree with Petitioner's concession. In denying him credit, the Board explained that Petitioner had committed a new offense involving possession of a weapon and had a history of supervision failures. Notice of Bd. Decision, mailed 8/26/22, at 2.

[4] However, Petitioner has abandoned this issue on appeal as well. Pet'r's Br. at 12-13 (conceding that "[h]is recommitment period of 36 months is within the presumptive range and is not subject to challenge"). Again, we agree. Pursuant to 37 Pa. Code §§ 75.1-75.2, the aggregate range of recommitment for Petitioner's crimes is 30 to 45 months. Here, the Board imposed 36 months of backtime, which is well within the presumptive range. Notice of Bd. Decision, mailed 8/26/22, at 1.

3

## III. DISCUSSION[5]

Petitioner claims that the Board failed to give him credit for all time served while detained exclusively on the Board's warrant, as well as while incarcerated *after* his sentencing on the new criminal charges, but *before* his parole was revoked. Pet'r's Br. at 4, 10. Specifically, he claims that he should receive another 18 days of credit from July 22, 2022, after his sentencing on the new criminal charges, to August 10, 2022, when the Board revoked his parole.[6] Pet'r's Br. at 11-12.

When calculating credit toward an original sentence for confinement preceding sentencing on new charges, several principles apply. For instance, if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time in custody shall be credited towards his original sentence. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). On the other hand, if a defendant instead remains incarcerated prior to trial because he has failed to satisfy the bail requirements on the new criminal charges, then that time spent in custody is applied to his new sentence. *Id.*

---

[5] Our review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Administrative Agency Law, 2 Pa.C.S. §§ 704.

[6] Petitioner's argument is not entirely clear. He asserts that he is owed "credit toward his backtime." Pet'r's Br. at 10, 11. He further suggests that, with proper credit, he "would be eligible for reparole by April 25, 2024," which would be three years from the date of his most recent arrest. *Id.* at 11. We infer that Petitioner believes that he may rely on credit accumulated to lessen the required period of backtime imposed by the Board. *See generally* Pet'r's Br. However, this is a mischaracterization of law and procedure. Credit granted for time served while awaiting disposition of new charges reduces an inmate's maximum sentence date for the original sentence. *See* 61 Pa.C.S. § 6138(a); *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980).

Additionally, a CPV "must serve the remainder of the term which he would have been compelled to serve had he not been paroled . . . [.]" *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 387 (Pa. Cmwlth. 2019); 61 Pa.C.S. § 6138(a)(2). "The period of time for which a parole violator is required to serve shall be computed by the [B]oard and shall begin on the date that the parole violator is taken into custody to be returned to the institution as an offender." 61 Pa.C.S. § 6138(a)(4). In essence, a parole violator serves the balance of the original term before serving his new sentence, but this requirement only takes effect once "parole has been revoked and the remainder of the original sentence becomes due and owing." *Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980) (quoting *Richmond v. Commonwealth*, 402 A.2d 1134, 1135 (Pa. Cmwlth. 1979)); 61 Pa.C.S. § 6138(a)(5.1).

Here, Petitioner posted bail on April 25, 2021, yet remained incarcerated solely on the Board's warrant until July 22, 2022, when he was sentenced on his new criminal charges. *See* Response to Admin. Remedies Form, 1/10/23, at 2. The Board correctly calculated 453 days of credit for that period. *Id. See Gaito*, 412 A.2d at 571. The service of Petitioner's original sentence resumed on August 10, 2022, when the Board formally revoked his parole. *Campbell*, 409 A.2d at 982. Accordingly, service of his backtime on the original sentence must be computed from and begin on that date. *See id.*; 61 Pa.C.S. § 6138(a)(4).

Petitioner seeks additional credit toward his original sentence for the period of time he was detained after sentencing on his new criminal charges until his parole was revoked. *See* Pet'r's Br. at 11. However, Petitioner is not entitled to any additional credit on his original sentence, for it will be credited to his new sentence

5

instead.[7]  *Campbell*, 409 A.2d at 981-82.  Thus, the Board correctly added 1,806 (2,259 – 453) days to August 10, 2022, resulting in the July 21, 2027 maximum date.

## IV. CONCLUSION

Based on the foregoing, the Board did not commit an error of law or abuse its discretion.  *Fisher*, 62 A.3d at 1075 n.1.  Accordingly, we affirm the Board's decision.

_____
**LORI A. DUMAS, Judge**

---

[7] The Board recognizes this in its decision, mailed January 10, 2023, stating that "[a]ny credit for time spent incarcerated that was not applied toward [Petitioner's] original sentence may be calculated by the Department of Corrections and applied toward his new state sentence after he begins serving that term."  Response to Admin. Remedies Form, 1/10/23, at 2.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent Jerome Carroll,     :
     Petitioner   :
             :  No. 64 C.D. 2023
    v.       :
             :
Pennsylvania Parole Board,   :
     Respondent  :

## **O R D E R**

AND NOW, this 20th day of December, 2024, the decision of the Pennsylvania Parole Board, entered January 10, 2023, is AFFIRMED.

_____
**LORI A. DUMAS, Judge**