IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricardo Samuel Monteparte,          :
                    Petitioner       :
                                     :
            v.                       :     No. 864 C.D. 2025
                                     :     Submitted:  December 8, 2025
Pennsylvania Parole Board,           :
                    Respondent       :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P.)
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED:  January 2, 2026

Ricardo Samuel Monteparte, proceeding pro se,[1] petitions for review of the June 18, 2025 Order of the Pennsylvania Parole Board (Board) upholding a Notice of Board Decision recorded on April 22, 2025 (April 2025 Decision), that revoked his parole and recommitted him as a convicted parole violator (CPV) when he became available, and listed his parole violation maximum date as January 16, 2026, which was subject to change.  On appeal, Monteparte argues that had his sentence credit been properly calculated under *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1998), his maximum date would have expired on June 24, 2025, and the Board lacked jurisdiction to detain him beyond that date.  Also,

_____

[1] This Court initially appointed counsel, but we granted counsel's application to withdraw following receipt of Monteparte's request to file a pro se brief, which we also granted.  *Monteparte v. Pa. Parole Bd.* (Pa. Cmwlth., No. 864 C.D. 2025, filed Oct. 1, 2025).

before the Court, is Monteparte's Motion for an Expedited Decision on the Petition for Review (Motion) based on the upcoming expiration of his parole violation maximum date, to which the Board has filed no response. Upon review, we grant the Motion and affirm the Board's Order.

Monteparte was sentenced in 2016 to 1 year, 1 month, and 15 days to 5 years, 6 months on convictions for retail theft, criminal conspiracy-publish, make, sell, etc. access device altered, etc., and violation of probation (theft of moveable property) (Original Sentence). (Certified Record (C.R.) at 1.) His original minimum sentence date was May 29, 2017, and original maximum sentence date was October 14, 2021. (*Id.* at 2.) The Board granted Monteparte parole on February 1, 2017, and he was released on May 29, 2017, with 1,598 days remaining on the Original Sentence. (*Id.* at 4, 7.) While on parole, Monteparte was arrested on January 11, 2018, and, on May 9, 2018, was recommitted by the Board as a CPV to serve 12 months, when available. (*Id.* at 14-16.) Through a series of Notices of Board Decisions recorded between March 20, 2019, and February 12, 2020, the Board modified its prior decision recommitting Monteparte as a CPV to serve backtime and recalculated his parole violation maximum date as March 22, 2024. (*Id.* at 17-23, 26.) No appeals from these decisions are found in the record. The Board reparoled Monteparte on February 14, 2022, and he was released on March 9, 2022, with 744 days remaining on the Original Sentence. (*Id.* at 31-33.) Upon his parole, Monteparte agreed to certain conditions, including that

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled with no credit for time at liberty on parole.

(*Id.* at 35.)

2

The Board declared Monteparte delinquent effective June 2, 2022, 85 days after he was released on parole. (*Id.* at 42.) On September 4, 2023, Monteparte was arrested by the Pennsylvania State Police in Westmoreland County on multiple charges, including Driving Under the Influence (DUI) (Westmoreland Charges). (*Id.* at 44, 50.) The Department of Corrections (DOC) issued a Warrant to Commit and Detain Monteparte the same day. (*Id.* at 43.) Monetary bail on the Westmoreland Charges was set at $25,000 on September 4, 2023, which Monteparte did not originally post. (*Id.* at 73, 79.) Bail was changed to unsecured on November 7, 2023, with non-monetary conditions, which Monteparte posted. (*Id.*)

The Board issued a Notice of Decision on October 3, 2023 (October 2023 Decision), detaining Monteparte pending disposition of new criminal charges, recommitting him as a technical parole violator to serve six months, and changing Monteparte's parole violation maximum date to June 24, 2025. (*Id.* at 44.) The change in maximum date reflected the 459 days between Monteparte being declared delinquent on June 2, 2022, and his arrest on September 4, 2023. (*Id.* at 47.)

On February 24, 2025, Monteparte pled guilty to four of the Westmoreland Charges in the Court of Common Pleas of Westmoreland County.[2] (*Id.* at 63-65.) In his Guilty Plea Petition, Monteparte acknowledged that the maximum sentences for the counts to which he pled guilty were, respectively, 7 years, 2 years, 5 years, and 90 days and could be imposed consecutively. (*Id.* at 66.) Monteparte's bail was revoked upon his guilty plea. (*Id.* at 73, 85.) Sentencing was scheduled for July 29, 2025. (*Id*. at 63, 85.) Notwithstanding that Monteparte had not yet been sentenced

---

[2] Specifically, Monteparte pled guilty to fleeing or attempting to elude officer (a third-degree felony), recklessly endangering another person (a second-degree misdemeanor), DUI controlled substance-combination alcohol/drug-2nd offense (a first-degree misdemeanor), and driving while BAC .02 or greater while license suspended (a summary offense). (C.R. at 58, 65.)

on the new convictions, the Board issued a Notice of Hearing and Charges, which Monteparte signed on March 26, 2025. (*Id.* at 50.) On that same day, Monteparte waived his right to a panel hearing. (*Id.* at 52.) A revocation hearing was held on April 15, 2025, at which certified documents of Monteparte's new convictions were introduced, and Monteparte acknowledged the convictions. (*Id.* at 87-101.) The Board issued the April 2025 Decision, recommitting Monteparte as a CPV to serve 12 months "when available, pending sentencing on [his new] . . . conviction[s] . . . ." (*Id.* at 139-40.) The April 2025 Decision further stated that Monteparte's "Parole Violation Max Date is 01/16/2026, Subject to Change." (*Id.* at 139.)

Monteparte filed a pro se administrative appeal challenging the Board's recalculation of his parole violation maximum date, asserting the recalculation was not supported by substantial evidence. (*Id.* at 141.) He further asserted that his parole violation maximum date expired on June 24, 2025, at which time he would have finished serving his Original Sentence, and the Board would lose jurisdiction over him. (*Id.* at 142.) Monteparte argued that after he met bail on the Westmoreland Charges on November 7, 2023, he was detained solely on DOC's detainer and was, therefore, entitled to credit on the Original Sentence for that time under *Gaito* because no new sentence had yet been imposed. (*Id.* at 142-43.) Finally, Monteparte asserted that he was available to the Board notwithstanding that he had not yet been sentenced on his new conviction. (*Id.* at 143.)

The Board issued its Order, denying Monteparte's administrative appeal, on June 18, 2025. (*Id.* at 151-52.) The Board explained that the "when available" language in the April 2025 Decision was appropriate because Monteparte could not re-start serving his Original Sentence until he was sentenced on the new convictions. (*Id.* at 151.) It further explained that a final recalculation decision on the Original

4

Sentence, which would include a credit determination, could not be finalized until Monteparte was sentenced on the Westmoreland Charges. (*Id.* at 151-52.) Finally, the Board observed that the parole violation maximum date of January 16, 2026, was not a final maximum date, but was subject to change. (*Id.* at 152.)

Monteparte petitions this Court for review of the Board's Order. In reviewing that Order, we are to determine "whether the decision was supported by substantial evidence, whether an error of law occurred[,] or whether constitutional rights were violated." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017) (quoting *Ramos v. Pa. Bd. of Prob. & Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008)).

On appeal, Monteparte argues the Board's Order is in error because he was entitled to credit under *Gaito* for the time he spent confined solely on DOC's detainer and, when given that credit, he fully served his Original Sentence. Monteparte further asserts that, under these circumstances, he did not have to await sentencing on his new conviction to become "available" in order to complete his Original Sentence, and the Board erred in concluding otherwise. (Monteparte's Brief (Br.) at 10.) He asks the Court to direct the Board to "discharge" him from its jurisdiction and advise DOC so that he can be transported to Westmoreland County in order to be sentenced on the new convictions.[3] (*Id.* at 11.)

The Board responds that it properly calculated Monteparte's parole violation maximum date of January 16, 2026, as of now. (The Board's Br. at 11 (citing

---

[3] A review of Monteparte's criminal docket for the Westmoreland Charges on the Unified Judicial System Web Portal reveals that his July 2025 sentencing hearing was continued at Monteparte's request, he has not yet been sentenced on the new convictions, and his sentencing is scheduled for February 2026. We may take judicial notice of information contained in publicly available dockets. *Sherwood v. Dep't of Corr.*, 268 A.3d 528, 553 n.26 (Pa. Cmwlth. 2021); *Moss v. SCI-Mahanoy Superintendent*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018).

*Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007)).)
The Board explains the calculation of the January 16, 2026 maximum date, as
follows:

> When Monteparte was released on parole from State Correctional
> Institution at Mercer on March 9, 2022, his Original Sentence
> maximum date was March 22, 2024. (C.R. [at] 33[.])[] This resulted
> in Monteparte owing 744 days toward his Original Sentence when he
> was paroled. . . . . The Board's proposed parole violation maximum
> sentence date, [January 16, 2026,] contemplates awarding Monteparte
> 475 days of backtime credit (i.e., time that the parolee was held solely
> on [DOC's] warrant prior to the recommitment order). ([*Id.* at] 73-
> 74[.])[] In this case, that time represents the 475 days that Monteparte
> was solely confined on [DOC's] warrant after he posted bail on
> November 7, 2023, until his bail was revoked on February 24, 2025[,]
> when he pled guilty. Thus, Monteparte will still owe 269 days (744-
> 275) of backtime toward his Original Sentence. Any period of time that
> Monteparte was incarcerated outside of those dates should be applied
> to his new sentence.

(The Board's Br. at 13-14.) The Board asserts that its credit determination is
consistent with *Gaito*, 412 A.2d at 571, and reflects the very time Monteparte claims
he is entitled to as credit on his Original Sentence. Finally, the Board explains that
the date it used as Monteparte's return to custody date to recalculate his maximum
date was April 22, 2025, the date the decision revoking his parole and recommitting
him as a CPV was recorded. The Board maintains this determination is consistent
with Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa.C.S.
§ 6138(a)(2).

In arguing that he has satisfied his Original Sentence and that the Board's
Order was erroneous, Monteparte relies heavily on *Gaito* to argue that the Board has
not given him the credit he is due under that case. He also claims that the Board
erred in finding him not "available" to be recommitted until he was sentenced on the

6

new convictions. Upon reviewing the Code and precedent, the record, and the Board's explanations for its calculations, Monteparte's allegations of error are not persuasive.

Section 6138(a) of the Code provides, relevant here, that

(1) **The [B]oard may**, at its discretion, **revoke the parole of a paroled offender if the offender**, during the period of parole or **while delinquent on parole, commits a crime punishable by imprisonment**, for which the offender is convicted or found guilty by a judge or jury or **to which the offender pleads guilty** or nolo contendere at any time thereafter in a court of record.

. . . .

(2) **If the offender's parole is revoked**, **the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted** and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

. . . .

(5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S. § 6138(a)(1), (2), (5)(i) (emphasis added).

As the Board points out, Section 6138(a)(2) begins with a qualifier before the remainder of its provisions come into effect.[4] That qualifier is that the offender's

---

[4] While the Board appears to cite a prior version of Section 6138(a)(2), which states "If the parolee's recommitment is so ordered" rather than "If the offender's parole is revoked," as that **(Footnote continued on next page…)**

parole must be revoked, which did not occur here until April 22, 2025, when the Board recorded its decision revoking Monteparte's parole. Until that date, Monteparte could not be recommitted to serve the remainder of his Original Sentence per Section 6138(a)(2)'s plain language. It has long been recognized by this Court that it is the revocation of parole that results in the "the remainder of the original sentence becom[ing] due and owing." *Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 981 (Pa. Cmwlth. 1980) (quoting *Richmond v. Commonwealth*, 402 A.2d 1134, 1135 (Pa. Cmwlth. 1979)). *See also Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, (Pa. Cmwlth. 2015) (explaining that under precedent, a "prisoner's service of backtime on the original sentence must be computed **from the date the Board revokes the prisoner's parole**") (citation omitted) (emphasis added); *Oliver v. Pa. Bd. of Prob. & Parole*, 570 A.2d 1390, 1391 (Pa. Cmwlth. 1990) (holding that, under *Campbell*, "**the date of [B]oard recommittal**, rather than the date upon which a parolee receives a sentence for a new conviction, **is the date from which backtime commences**") (emphasis added).

Here, the Board computed Monteparte's new parole violation maximum date from the date his parole was revoked, and he was recommitted to serve the backtime on his Original Sentence, April 22, 2025. Such determination is consistent with the above principles, and, therefore, we discern no error of law, abuse of discretion, or constitutional violation by the Board's using that date as the beginning point to recalculate Monteparte's new parole violation maximum date.

We now turn to Monteparte's arguments based on *Gaito*; specifically, that he was entitled to credit for the entire period he was confined solely on DOC's warrant,

provision currently states, 61 Pa.C.S. § 6138(a)(2), its argument that Section 6138(a)(2) begins with a qualifier remains accurate. (*See* the Board's Br. at 15.)

8

and, when this credit is granted, he has completed service of his Original Sentence. In *Gaito*, the Pennsylvania Supreme Court held, relevantly, that

> **if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence**.  If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.[6]
>
> > FN6 It is clear, of course, that if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence.

412 A.2d at 571 & n.6 (emphasis added).

After examining Monteparte's record and the Board's April 2025 Decision, we discern no violation of *Gaito* or error in the Board's calculations here.  The Board states that in calculating Monteparte's new parole violation maximum date of January 16, 2026, it presumed Monteparte would receive credit for the time he was confined solely on DOC's warrant, consistent with *Gaito*.  The record bears out the Board's contention.  Monteparte was confined solely on DOC's warrant from November 7, 2023, to February 24, 2025, a period of 475 days.  When Monteparte was reparoled on March 9, 2022, he had 744 days remaining on his Original Sentence.[5]  Subtracting 475 days from 744 days results in 269 days remaining on Monteparte's Original Sentence.[6]  Adding 269 days to April 22, 2025, the date

---

[5] 744 days is the difference between Monteparte's parole release date March 9, 2022, and his parole violation maximum sentence March 22, 2024, at that time.

[6] Monteparte's reliance on the June 24, 2025 date utilized by the Board in its October 2023 decision as being his "correct" parole violation maximum date is misplaced.  That date merely recognized that Monteparte was ineligible to receive street time credit for the 459 days between June 2, 2022, and September 4, 2023, the period he was delinquent on parole.  Those days were
**(Footnote continued on next page…)**

9

Monteparte's parole was revoked and he was recommitted as a CPV, results in a parole violation maximum date of January 16, 2026, as the Board set forth in its Decision and affirmed in its Order.

Finally, Monteparte asserts the Board erred in calculating his new parole violation maximum date based on its conclusion that he is not available until after being sentenced on the new convictions. However, notwithstanding its caveat, the Board did not delay its calculation based on Monteparte's alleged unavailability. Rather, the Board appears to have begun the running of Monteparte's backtime service and calculation of his new parole violation maximum date as of April 22, 2025, before Monteparte has been sentenced on his new convictions, as reflected in the January 16, 2026 parole violation maximum date.[7] In rendering the April 2025 Decision and June 18, 2025 Order affirming that decision, the Board relied on the record and circumstances before it, including that Monteparte was to be sentenced in July 2025. It is unlikely that the Board anticipated that the sentencing on the new convictions would take so long, as such sentencing has not yet occurred. Based on precedent and the record, we discern no error in the Board's Order.

---

included in the 744 days remaining on the Original Sentence utilized to calculate Monteparte's new parole violation maximum in the April 2025 Decision.

[7] We note that, as to Monteparte's new convictions, any time served beyond the 269 days remaining on his Original Sentence following the Board's credit calculation, would constitute "pre-sentence confinement" because he has not yet been sentenced on those convictions. Under Pennsylvania law, all pre-sentence confinement must be applied to either the **new sentence** or, **if the time exceeds the maximum sentence applicable to the new convictions**, to a parolee's original sentence. *See Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 309 (Pa. 2003) (holding that "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence"); *Hammond v. Pa. Bd. of Prob. & Parole*, 143 A.3d 994, 998 (Pa. Cmwlth. 2016) (same). As acknowledged by Monteparte in his Guilty Plea Petition, the maximum sentences for three of the counts he pled guilty to were, respectively, seven years, two years, and five years, and could be imposed consecutively. (C.R. at 66.)

For the foregoing reasons, we grant Monteparte's Motion, and, upon our expedited consideration of the Board's Order, we affirm.

_____
RENÉE COHN JUBELIRER, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricardo Samuel Monteparte,        :
               Petitioner    :
                             :
          v.             :    No. 864 C.D. 2025
                             :
Pennsylvania Parole Board,      :
              Respondent   :

**O R D E R**

**NOW**, January 2, 2026, upon consideration of Ricardo Samuel Monteparte's Motion for an Expedited Decision on the Petition for Review (Motion), to which the Pennsylvania Parole Board (Board) filed no response, the Motion is **GRANTED**. Upon our expedited review, the Board's Order entered in the above-captioned matter is **AFFIRMED**.

                                   _____
                                   RENÉE COHN JUBELIRER, President Judge